1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>              Plaintiff,<br><br>    v.<br><br>COUNTY OF KERN and GEORGE ANDERSON,<br><br>              Defendants. | No.  1:15-CV-01641-DAD-JLT<br><br>SCHEDULING ORDER<br><br>Pleading Amendment Deadline:  May 17, 2016<br><br>Discovery Deadlines:<br>    Initial Disclosures:  March 18, 2016<br>    Non-Expert: August 22, 2016<br>    Expert: November 28, 2016<br>    Mid-Discovery Status Conference:<br>      June 7, 2016 at 8:30 a.m.<br><br>Non-Dispositive Motion Deadlines:<br>    Filing: December 12, 2016<br>    Hearing: January 10, 2017<br><br>Dispositive Motion Deadlines:<br>    Filing: January 24, 2017<br>    Hearing: March 7, 2017<br><br>Settlement Conference:  April 19, 2017 at 10:00 a.m., 510 19th Street, Bakersfield, CA<br><br>Pre-Trial Conference: May 1, 2017 at 1:30 p.m., Courtroom 5 (Fresno)<br><br>Trial: June 27, 2017 at 8:30 a.m.,<br>    Courtroom 5 (Fresno)<br>    Jury trial: 10–12 days |

1

**I.     Date of Scheduling Conference**

A scheduling conference was held on February 16, 2016.

**II.    Appearances of Counsel**

Neil K. Gehlawat appeared telephonically on behalf of plaintiff.

Kathleen Rivera appeared telephonically on behalf of defendant County of Kern.

James D. Weakley appeared in person on behalf of defendant George Anderson.

**III.   Pleading Amendment Deadline**

Any requested pleading amendments are ordered to be filed, either through a stipulation or motion to amend, no later than May 17, 2016.

**IV.    Discovery Plan and Cut-Off Date**

The parties are ordered to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before March 18, 2016.

The parties are ordered to complete all discovery pertaining to non-experts on or before August 22, 2016 and all discovery pertaining to experts on or before November 28, 2016.

The parties are directed to disclose all expert witnesses,[1] in writing, on or before October 3, 2016, and to disclose all rebuttal experts on or before October 31, 2016. The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder**. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Federal Rule of Civil Procedure 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

---

[1] In the event an expert will offer opinions related to an independent medical or mental health evaluation, the examination SHALL occur sufficiently in advance of the disclosure deadline so the expert's report fully details the expert's opinions in this regard.

The provisions of Federal Rule of Civil Procedure 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

A mid-discovery status conference is scheduled for 9:00 a.m. on June 7, 2016 before the Honorable Jennifer L. Thurston, U.S. Magistrate Judge, located at 510 19th Street, Bakersfield, California, 93301.  A Joint Mid-Discovery Status Conference Report, prepared and executed by all counsel, shall be electronically filed in CM/ECF, one week prior to the Conference, and shall be e-mailed, in Word format, to JLTorders@caed.uscourts.gov.  The joint statement SHALL outline the discovery that has been completed and that which still needs to be completed as well as any impediments to completing the discovery within the deadlines set forth in this order.  Counsel may appear at that conference via CourtCall, provided a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five court days before the noticed hearing date.

**V.      Pre-Trial Motion Schedule**

All non-dispositive pre-trial motions, including any discovery motions, shall be filed no later than December 12, 2016 and heard on or before January 10, 2017.  All Non-dispositive motions will be heard before the Honorable Jennifer L. Thurston, U. S. Magistrate Judge at the United States Courthouse in Bakersfield, California.

No written discovery motions shall be filed without the prior approval of the assigned Magistrate Judge.  A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute.  If that good faith effort is unsuccessful, the moving party promptly shall seek a telephonic hearing with all involved parties and the Magistrate Judge.  It shall be the obligation of the moving party to arrange and originate the conference call to the court.  To schedule this telephonic hearing, the parties are ordered to contact Courtroom Deputy Clerk, Susan Hall at (661) 326-6620 or via email at SHall@caed.uscourts.gov.  **Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

/////

3

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 144(e). However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

Counsel may appear and argue all non-dispositive motions via CourtCall, provided a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five court days before the noticed hearing date.

All dispositive pre-trial motions shall be filed no later than January 24, 2017 and heard no later than March 7, 2017, in Courtroom 5 at 9:30 a.m. before the Honorable Dale A. Drozd, United States District Court Judge. In scheduling such motions, **counsel shall comply with Federal Rule of Civil Procedure 56 and Local Rules 230 and 260**.

**VI.     Motions for Summary Judgment or Summary Adjudication**

Prior to filing a motion for summary judgment or motion for summary adjudication the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion at least twenty-one days prior to the filing of the motion.

The purpose of the meeting shall be to: (1) avoid filing motions for summary judgment where a question of fact exists; (2) determine whether the respondent agrees that the motion has merit in whole or in part; (3) discuss whether issues can be resolved without the necessity of briefing; (4) narrow the issues for review by the court; (5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and (6) to arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts. **In addition to the requirements of Local Rule 260, the moving party shall file a joint statement of undisputed facts.**

In the notice of motion the moving party shall certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to meet and confer.

/////

/////

4

### VII. Final Pre-Trial Conference Date

The final pre-trial conference is scheduled for 1:30 p.m. on May 1, 2017 in Courtroom 5 before Judge Dale A. Drozd, United States District Court Judge.

The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 281(a)(2)**. The parties are further directed to submit a digital copy of their pretrial statement in Word format, directly to Judge Drozd's chambers, by email at DADorders@caed.uscourts.gov.

Counsel's attention is directed to **Local Rules 281 and 282**, as to the obligations of counsel in preparing for the pre-trial conference. The court will insist upon strict compliance with those rules. In addition to the matters set forth in the Local Rules the Joint Pretrial Statement shall include a Joint Statement of the case to be used by the court to explain the nature of the case to the jury during voir dire.

### VIII. Trial Date

Trial is scheduled to commence at 8:30 a.m. on June 27, 2017 in Courtroom 5 before Dale A. Drozd, United States District Court Judge.

A. This is a JURY trial.

B. Counsel's estimate of trial time: 10–12 days.

C. Counsel's attention is directed to Local Rule 285.

### IX. Settlement Conference

A Settlement Conference is scheduled for 10:00 a.m. on April 19, 2017, at 510 19th Street, Bakersfield, California. The settlement conference will be conducted by Magistrate Judge Thurston. **If any party prefers that the settlement conference be conducted by a different judicial officer, that party is directed to notify the court no later than 60 days in advance of the scheduled settlement conference** to allow sufficient time for another judicial officer to be assigned to handle the conference.

Unless otherwise permitted in advance by the court, **the attorneys who will try the case shall appear** at the Settlement Conference **with the parties** and the person or persons having **full**

5

1 **authority** to negotiate and settle the case **on any terms**[2] at the conference.  Consideration of
2 settlement is a serious matter that requires preparation prior to the settlement conference.  Set
3 forth below are the procedures the court will employ, absent good cause, in conducting the
4 conference.

5       At least twenty-one days before the settlement conference, plaintiff **shall** submit to
6 defendants via fax or e-mail, a written itemization of damages and a meaningful[3] settlement
7 demand which includes a brief explanation of why such a settlement is appropriate.  Thereafter,
8 no later than fourteen days before the settlement conference, defendant **shall** respond, via fax or
9 e-mail, with an acceptance of the offer or with a meaningful counteroffer which includes a brief
10 explanation of why such a settlement is appropriate.

11       If settlement is not achieved, each party **shall** attach copies of its settlement offer to its
12 Confidential Settlement Conference Statement, as described below.  Copies of these documents
13 **shall not** be filed on the court docket.

14       CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

15       At least five court days prior to the Settlement Conference, the parties shall submit a
16 Confidential Settlement Conference Statement, directly to Judge Thurston's chambers by e-mail
17 at JLTorders@caed.uscourts.gov.  The statement **should not be filed** with the Clerk of the Court
18 **nor served on any other party**, although the parties may file a Notice of Lodging of Settlement
19 Conference Statement.  Each statement shall be clearly marked "confidential" with the date and

---

[2] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements.  To the extent possible the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

[3] "Meaningful" means that the offer is reasonably calculated to settle the case on terms acceptable to the offering party.  "Meaningful" does not include an offer which the offering party knows will not be acceptable to the other party.  If, however, the offering party is only willing to offer a settlement which it knows the other party will not accept, this should trigger a recognition the case is not in a settlement posture and the parties should confer about continuing or vacating the settlement conference via stipulation.

time of the Settlement Conference indicated prominently thereon.

The Confidential Settlement Conference Statement shall include the following:

A. A brief statement of the facts of the case.

B. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

C. A summary of the proceedings to date.

D. An estimate of the cost and time to be expended for further discovery, pretrial and trial.

E. The relief sought.

F. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

**X. Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

Defendant County requests the trial be trifurcated, while plaintiff requests the trial be bifurcated. The requests for bifurcation or trifurcation will be addressed by the court at the final pretrial conference.

**XI. Related Matters Pending**

There are no pending related matters.

**XII. Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

/////

**XIII. <u>Effect of this Order</u>**

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this Order will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Therefore, stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **February 21, 2016**                    _/s/ Dale A. Drozd_
                                                               UNITED STATES DISTRICT JUDGE