UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>                Plaintiff,<br><br>        v.<br><br>COUNTY OF KERN, et al.,<br><br>                Defendants. | Case No.: 1:15-cv-01641 DAD JLT<br><br>ORDER AFTER INFORMAL DISCOVERY CONFERENCE |

On July 19, 2016, at the request of plaintiff's counsel, the Court held an informal conference regarding various discovery disputes. The parties discussed the issues at length and some were resolved by counsel and some were resolved by the Court as follows:

1.     The defendants agreed they will produce the personnel file of Mr. Anderson though they will redact confidential personal identifiers. The defendants need not produce evidence that Mr. Anderson is or was a member of a criminal street gang because the plaintiff has no good faith basis to believe this is true and did not have such a basis at the time she propounded the document request. Also, the plaintiff has not made any showing that, even if Mr. Anderson is or was affiliated with a gang that this fact bears on the County's Monell liability. Notably, there is no showing that an unconstitutional policy of hiring former or current gang members was the moving force behind the plaintiff's alleged injury. Thus, to this extent the request to compel production of this information is **DENIED**;

The personnel record that the defendants will produce will include all complaints against Mr. Anderson on topics implicated by the complaint but, if there are complaints that are not factually similar to those raised in this action, the defendants may object to the production of these complaints, if they choose.  In this event, the defendants **SHALL** note whether complaints are being withheld to allow the plaintiff to seek further relief from the Court.  Alternatively, the defendants may object and then produce the disputed documents to the Court for an in camera review;

2. The defendants agreed to produce the full Internal Affairs investigation report with names of employees and child witnesses redacted;

3. The request for the County to admit that its employee is or is not entitled to defense and indemnity is **DENIED**.  The plaintiff's counsel admit that this information does not bear on any element of any claim raised by the plaintiff nor would it lead to any evidence that may be admitted at trial; thus, the information is not discoverable.  The Court rejects the plaintiff's argument—for purposes of discovery—that the County's determination as to defense and indemnity does not shift the burden of proof at trial away from the plaintiff and to the County;

4. The request for the County to admit that its employee is or is not entitled to defense and indemnity is **DENIED.**

## ORDER

Based upon the foregoing, the Court **ORDERS**:

1. The defendants **SHALL** produce the personnel file of Mr. Anderson, within the confines described above, no later than close of business on **July 20, 2016**;

2. The plaintiff's request for the Court to compel the defendants to produce information related to whether Mr. Anderson was or is a member of the Norteños criminal street gang is **DENIED**;

3. The defendants **SHALL** produce the full, redacted summary of the Internal Affairs report, with the redactions described above, no later than close of business on **July 20, 2016**;

4. The defendants **SHALL** produce the full Internal Affairs report, with the redactions described above, no later than close of business on **August 5, 2016**;

///

///

5. The plaintiff's request for the Court to compel the County of Kern to admit or deny that it will defend and indemnify Mr. Anderson is **DENIED**.

IT IS SO ORDERED.

Dated:  **July 19, 2016**                                        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE