# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF KERN, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-01641 DAD JLT<br><br>ORDER AFTER INFORMAL DISCOVERY CONFERENCE |

On July 27, 2016, at the request of counsel, the Court held an informal discovery conference. At issue was the handling of the names of minors during the plaintiff's deposition, advance disclosure of unredacted juvenile records to be used at the plaintiff's deposition and noticing and taking depositions of juveniles identified in Internal Affairs documents. In particular, counsel agree that redacted juvenile records may be marked as exhibits at the depositions. After further discussion with counsel, the Court **ORDERS**;

　　1.　　Notwithstanding the requirements of California's Welfare and Institutions Code section 827, no later than 10 a.m. July 28, 2016, the Defendants **SHALL** produce to plaintiff's counsel, an electronic, unredacted copy of the juvenile court/agency records that will be used at the plaintiff's deposition;

　　2.　　As to any deposition, only redacted juvenile records may be marked as exhibits and attached to deposition transcripts. During depositions, counsel and the deponents may refer to child-

witnesses (who were wards of the juvenile court at the time of the events at issue in this case) by their full names.  (This includes all wards or former wards of the juvenile court.)  The transcripts SHALL be marked "confidential" and are subject to the protective order issued in this case (Doc. 17);

      2.      Notwithstanding the requirements of California's Welfare and Institutions Code section 827, the parties may take the depositions of the child-witnesses identified in the summary from the Internal Affairs report who were wards of the juvenile court at the time of the events at issue in this case. (This includes those wards or former wards of the juvenile court who are no longer minors but were under age at the time of the events.)  The depositions SHALL proceed as described in paragraph 2.  Deposition notices related to these witnesses SHALL be marked confidential and are subject to the protective order issued in this case (Doc. 17).

      Upon the stipulation of counsel or upon formal noticed motion, this order may be modified by the Court if the juvenile court issues orders that are more liberal or are otherwise in conflict.

IT IS SO ORDERED.

   Dated:   **July 27, 2016**                   **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE