UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, | No. 1:15-cv-01641-DAD-JLT |
| Plaintiff, | |
| v. | ORDER DENYING REQUEST TO SEAL AND REFERRING TO ASSIGNED MAGISTRATE JUDGE FOR FURTHER SCHEDULING |
| COUNTY OF KERN and GEORGE ANDERSON, | |
| Defendants. | |

This matter involves claims brought under both 42 U.S.C. § 1983 and state law for the alleged sexual assault of plaintiff while she was in custody in juvenile hall by defendant Anderson. (Doc. No. 1.) On January 24, 2017, plaintiff filed a request to seal documents pursuant to Local Rule 141 in connection with her anticipated motion for summary adjudication. (Doc. No. 48.) For the reasons explained below, the request must be denied.

**LEGAL STANDARD**

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, a court "may order that a filing be made under seal without redaction." However, even if a court orders such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the

public record." Fed. R. Civ. P. 5.2(d).  "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions.  Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy.  A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citations omitted).  Under the "compelling reasons" standard applicable to dispositive motions such as the one at issue here,[1]

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret.  After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id*. at 1178–79 (internal quotation marks, omissions, and citations omitted).  The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

"In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to

---

[1] While courts frequently use the language of "dispositive" and "non-dispositive," the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  Thus, in certain instances, the proposed filing of documents under seal in connection with motions for preliminary injunction, for sanctions, or *in limine*, though such motions are not actually dispositive of an issue or claim, may be subjected to the "compelling reasons" test, predicated on the public's right of access and the need to "provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *Id.* at 1097–1101 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993)).

1 gratify private spite, promote public scandal, circulate libelous statements, or release trade
2 secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).  "The mere fact that the
3 production of records may lead to a litigant's embarrassment, incrimination, or exposure to
4 further litigation will not, without more, compel the court to seal its records." *Id*.  "The
5 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were
6 previously filed under seal or protective order." *Id.* at 1178–79.

## DISCUSSION

8   The pending request to seal relates to plaintiff's motion for partial summary judgment,
9 which is "more than tangentially related to the merits" of the case. *See Center for Auto Safety*,
10 809 F.3d at 1101.  Therefore, the party seeking to seal the documents must demonstrate
11 "compelling reasons" exist to justify sealing them.  *Kamakana*, 447 F.3d at 1178–80.

12   Here, plaintiff proposes the court authorize her motion for partial summary judgment and
13 all supporting documents in support thereof to be filed under seal in their entirety because the
14 motion "makes extensive use of deposition testimony regarding the County's internal
15 investigation into Plaintiff's allegations," which was "designated as confidential in the course of
16 discovery." (Doc. No. 48 at 2.)  Further, plaintiff's request states that defendant Anderson
17 "contends that documents and information from the internal investigation, together with
18 deposition testimony that refers to those documents, including any personnel file information, is
19 protected by the Peace Officer Bill of Rights, Cal. Gov. Code 8300 *et seq.*, together with the
20 federal official information and deliberative process privileges." (*Id.*)

21   Plaintiff's request is clearly insufficient to warrant the filing of the documents in question
22 under seal.  The mere fact that the parties have chosen to designate documents as "confidential"
23 during discovery falls far short of demonstrating they will "become a vehicle for improper
24 purposes." *See Kamakana*, 447 F.3d at 1179 (quotation omitted).  Similarly, generic assertions of
25 protections under California law or purportedly applicable privileges do not provide the court
26 with either "a compelling reason" or the ability to "articulate the factual basis for its ruling,
27 without relying on hypothesis or conjecture," as required by the law. *Id.* at 1178–79.  Here, no
28 showing in support of filing the documents in question, in their entirety, under seal has been made

whatsoever and the parties cannot avoid making the required showing simply by filing the request to seal jointly or by stipulating to their sealing.

## CONCLUSION

For these reasons, plaintiff's request to seal documents (Doc. No. 48) is denied without prejudice to its renewal based upon a proper showing. *See* Local Rule 141(e). Pursuant to the scheduling order entered in this case, the deadline for filing dispositive motions was January 24, 2017. (Doc. No. 25.) Since permission was sought by plaintiff to file the motion for summary adjudication entirely under seal, the failure to make the required showing justifying such sealing means no dispositive motion was timely filed. *See* Local Rule 141(e) (noting that, if a request to seal is denied, the documents will be returned to the submitting party and not filed on the court's docket). Recognizing, however, that plaintiffs timely filed the request to seal, the court refers this matter to the assigned magistrate judge for rescheduling, including setting of new deadlines for the filing of dispositive motions to be filed and heard, the final pretrial conference, and trial.[2]

Further, the court recognizes that defendants here are likely better situated to make the required showing for sealing than are plaintiffs. To that end, the undersigned will only consider future requests to seal or redact filed by the proponent of sealing or redaction. If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the opposing party to seek an order of sealing or redaction from the court. The parties should note that protective orders covering the discovery phase of litigation do not govern the filing of sealed or redacted documents on the public docket, which are governed by Local Rules 140 and 141.

IT IS SO ORDERED.

Dated:   **January 30, 2017**                     _____
                                                   UNITED STATES DISTRICT JUDGE

---

[2] The parties are encouraged, if possible, to submit a proposed stipulation and order for the magistrate judge's consideration in this regard after consulting with the undersigned's courtroom deputy with respect to available dates.