# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>             Plaintiff,<br><br>     v.<br><br>COUNTY OF KERN, et al.,<br><br>             Defendants. | Case No.: 1:15-CV-01641 JLT<br><br>ORDER GRANTING REQUEST TO SEAL<br>(Doc. 53) |

Before Court is the request, lodged by Defendant Anderson, to file under seal plaintiff's prospective motion for summary adjudication and supporting evidence and other pieces of evidence intended for use to counter the evidence. (Doc. 53) For the reasons set forth below, the request is **GRANTED**.

### I.   Legal Authority

Generally, documents filed on the docket are presumed to be available to the public. EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir. 1990); see also Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir.2006); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1134 (9th Cir.2003). Documents may be sealed only when the compelling reasons for doing so outweigh the public's right of access. EEOC at 170. In evaluating the request, the Court considers the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or

infringement upon trade secrets." Valley Broadcasting Co. v. United States District Court, 798 F.2d 1289, 1294 (9th Cir. 1986).

This case involves serious charges that the plaintiff was subject to sexual assault by Anderson. As a result of these assertions and because the plaintiff was a minor at the time of the events, she filed the matter using the pseudonym "Jane Doe." Notably, Anderson was not entitled to any shielding of his identity despite that, of course, at the time of filing of the lawsuit, the plaintiff was not obligated to present any evidence to support her claims and despite that Anderson denies her claims.

Anderson asserts now that allowing the plaintiff's motion and the evidence to be used in support and in opposition to it to be made public would subject him to scorn and to possible adverse employment consequences based upon what he asserts is an evil motive by the plaintiff. More convincingly, Anderson notes that much of the evidence upon which the motion is based relies upon investigations conducted by Internal Affairs investigators of the Kern County Probation Department and involves statements given by children. The Court concludes the documents should be filed under seal.

First, as noted by the plaintiff, this action was filed by her without using her true name. Many of the documents at issue reveal her identity in violation of her entitlement that this remain secret.

Second, under California law, juvenile court records are confidential. Cal. Welf & Instit. Code § 827. Included in these confidential records are those held by the agency or law enforcement. *In re Lorenza P.*, 197 Cal.App.3d 607, 610 (1988). The purpose of this confidentiality is to protect children from the consequences of public display of acts and decisions that might not have been the children's own or were done or made when they were not fully capable of understanding the impacts of their choices. In short, as a society, we have decided that children deserve privacy so that their mistakes and the wrongful acts of others that cause them harm do not subject them to public scrutiny or scorn.

Along these lines, the Court notes that much of the evidence relied upon related to the motion, involve juveniles giving statements to investigators. There is no justification that the

Court can see to subject juvenile-witnesses to public view.  Likewise, as the plaintiff has availed herself of the protections of secrecy of her identity, the Court is not unconvinced that the assertions against Anderson should not also be held in secret.

Third, the great bulk of the evidence upon which the motion relies, is made up of investigations conducted by Internal Affairs.  Once again, California law makes these investigations confidential.  Cal. Pen. Code §§ 832.7, 832.8; Cal. Gov. Code §§ 3305, 3306; *Sacramento Police Officers Assn. v. Venegas*, 101 Cal.App.4th 916, 928 (2002).

Due to the differences in California and federal law, the Court has granted the parties the right to use the juvenile records and the otherwise confidential personnel records of Anderson.  (Doc. 44)  However, this right was not wholesale.  Rather, the Court expressly indicated that the parties would maintain the confidentiality of all of these records.  (Doc. 44)  This action is designed to find the truth as to what happened; it is not an opportunity to subject the parties and third-party witnesses to the scorn, humiliation and harassment that public view of these records would certainly impose.  Thus, after reviewing the records, the Court will **GRANT** the request.  The documents identified by Anderson **SHALL** be filed under seal.[1]

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. Anderson's request to file under seal documents (Doc. 53) is **GRANTED**[2];

2. If the plaintiff wishes, she may give notice and file a notice of motion to reflect that Exhibit N is her operative motion for summary adjudication.

IT IS SO ORDERED.

Dated: __March 3, 2017__         _____/s/ Jennifer L. Thurston_____
                                                 UNITED STATES MAGISTRATE JUDGE

---

[1] This order makes no attempt to determine how evidence will be handled at trial or whether any other records will also be sealed.  It addresses *only* the question presented here.

[2] In doing so, the Court notes that the document initially identified as Exhibit M has been withdrawn.  Thus, the documents to be sealed include Exhibits A through L and N to the lodged request for sealing.