**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE, | ) Case No.: 1:15-cv-01641 - JLT |
| Plaintiff, | ) |
| | ) PRETRIAL ORDER |
| v. | ) |
| | ) |
| COUNTY OF KERN, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

The plaintiff claims that while she was a minor and housed at Juvenile Hall, defendant Anderson, a Kern County Probation Juvenile Correctional Officer, sexually assaulted her on several occasions. The plaintiff brings claims under 42 U.S.C. § 1983 and state law.

**A.     JURISDICTION/ VENUE**

This court has subject matter jurisdiction over this action under 28 U.S.C §§ 1331 and 1343 and supplemental jurisdiction under 28 U.S.C. § 1367. Also, the events that gave rise to this action occurred in Bakersfield, California. Accordingly, venue is proper in the United States District Court for the Eastern District of California sitting in Bakersfield. See 28 U.S.C. § 1391.

**B.     JURY TRIAL**

The parties demanded a jury trial in this matter. (Doc. 1 at 1; Doc. 7; Doc. 9)

**C.     UNDISPUTED FACTS**

1.      At the time of the alleged sexual abuse, Plaintiff was a ward confined in James G.

Bowles Juvenile Hall.

2. At the time of the alleged sexual abuse, Defendant Anderson was employed by the Kern County Department of Probation as a Juvenile Corrections Officer III.

3. Defendant Anderson at all relevant times was within the course and scope of his employment. (This issue was summarily adjudicated (Doc. No. 78.)

**D. DISPUTED FACTS**

All other facts, not set forth above, remain in dispute including the following:

1. Whether Defendant Anderson sexually abused Plaintiff.

2. Whether any alleged sexual abuse of Plaintiff involved violence, threats, or coercion.

3. The nature and extent of Plaintiff's damages, if any.

4. The availability and amount of any punitive damages.

5. Whether alleged deficient customs, practices, and policies at Juvenile Hall were a substantial factor in causing the alleged sexual abuse of Plaintiff.

6. Whether alleged deficient training of Juvenile Hall employees was a substantial factor in causing the alleged sexual abuse of Plaintiff.

7. Whether the County of Kern ratified Defendant Anderson's alleged misconduct or maintained an alleged policy of inaction.

**E. DISPUTED EVIDENTIARY ISSUES**

Plaintiff:

1. Plaintiff intends to move to exclude witnesses that were untimely disclosed, to the extent they were omitted from the respective defendants' initial disclosures and discovery responses. Plaintiff reserves the right to move to exclude witnesses on the grounds relevance, improper character evidence, and Rule 403.

2. Plaintiff contends that any evidence or allegations regarding her drug use would be irrelevant, prejudicial, and improper character evidence. In addition, Plaintiff contends that evidence and argument regarding Plaintiff's detention, arrest, hospitalization and/or treatment for substance abuse would be inadmissible (without limitation, Defendants' exhibits 12,13, and 16). Such evidence or argument would be irrelevant, character evidence, hearsay, and inadmissible under Rule 403.

2

3.    Plaintiff contends that any evidence or allegations regarding her criminal or juvenile history would be hearsay, irrelevant, prejudicial, and improper character evidence. This also includes reports by child protective services, police reports, or similar testimony or documents.

4.    Plaintiff contends that any evidence or allegations regarding her education, grades, or school records would be irrelevant, prejudicial, and improper character evidence.

5.    Plaintiff contends that any evidence or allegations regarding her alleged gang affiliation would be irrelevant, prejudicial, and improper character evidence. Plaintiff contends that the word "gang" should not be used at a trial, and that there should be no references to gangs.

6.    Plaintiff contends that any evidence or allegations regarding her sexual history would be irrelevant, prejudicial, and improper character evidence. This would include any sexual victimization that occurred or was alleged to have occurred in the past. Plaintiff contends that if Defendants seek to use any such evidence, that it is Defendants' obligation to bring a motion under Rule 412.

7.    Plaintiff contends that any evidence or allegations regarding her prior history of discipline at Juvenile Hall would be irrelevant, prejudicial, and improper character evidence.

8.    Plaintiff contends that her Facebook or other social media posts are irrelevant, prejudicial, and improper character evidence.

9.    Plaintiff intends to move to exclude any testimony and opinions of defense expert Harold Seymour to the effect that the sexual abuse more probably did or did not occur. In other words, Dr. Seymour's opinions should be limited to his diagnoses of Plaintiff and his opinions regarding future treatment, and he should not opine regarding liability.

10.   Plaintiff contends that any exhibits or documents that not been disclosed to Plaintiff to date would be inadmissible.

11.   Plaintiff contends that it would be improper to use negative information about Plaintiff at trial to argue or suggest that she is "damaged goods" whose damages should be reduced by reason of her prior experiences and traumas, and will seek an order limiting such arguments.

12.   Plaintiff contends that consent is not a defense or mitigating factor, and intends to seek an order excluding any evidence that would bear on consent and also secure an appropriate jury instruction. **The Court ORDERS, without need for a motion, that there will be no evidence**

**permitted at trial related to whether the plaintiff consented to any sex act.**

13. Plaintiff contends that the jury should be instructed that if sexual contact occurred, the jury should find in Plaintiff's favor on all liability issues. In other words, there is no sexual contact that would not violate Plaintiff's rights or constitute a tort under the circumstances.

14. Plaintiff contends that there is no comparative fault, comparative negligence, qualified immunity, or failure to mitigate defense in this matter, and the jury should be so instructed.

15. Plaintiff contends that Defendants are not entitled to any immunities under state law.

16. Plaintiff contends that given the County's responses and contentions during discovery, including the testimony of its Rule 30(b)(6) designees, preclude the County from taking a position at trial regarding liability. **The Court ORDERS, without need for a motion, that there will be no evidence permitted at trial indicating that the County of Kern has admitted Anderson committed the wrongful conduct alleged.**

17. Motion to preclude Defendants from putting on expert testimony, whether of retained or non-retained experts, except for the three experts that were timely disclosed.

18. Plaintiff intends to move in limine to limit arguments and testimony that would appeal to prejudice or bigotry, with respect to the fact that Plaintiff's mother is gay. **The Court ORDERS, without need for a motion, that there will be no evidence, argument or comment permitted at trial impugning plaintiff's mother because she is gay. However, if otherwise admissible and relevant, there may be evidence presented that the plaintiff believed her mother and stepmother were discriminated against while visiting juvenile hall and, only if otherwise admissible and relevant, evidence of the marital relationship between these women to the extent it bears explains the stepmother's connection to the plaintiff.**

19. Plaintiff contends that the issue of course and scope has already been determined on a dispositive motion, so no evidence, argument, or instruction to the jury is necessary on that point. **The Court ORDERS, without need for a motion, that there will be no evidence permitted at trial indicating that Anderson was not acting within the course and scope of his employment related to the events alleged.**

20. Plaintiff intends to move to exclude an FBI Law Enforcement Bulletin regarding false

4

allegations of adult crimes, which was used in the deposition of Shaun Romans.

21.     Plaintiff intends to move to exclude the testimony of employees of a law firm representing Defendant Anderson, namely Mastagni Holstedt APC, including David Faingold and Shawn Collins.

22.     Plaintiff intends to move to exclude evidence or testimony regarding prior discipline issues at juvenile hall as character evidence, irrelevant, and under Rule 403.

23.     Plaintiff will move to exclude any letters of commendation, certificates, awards, or similar documents with respect to Defendant Anderson as hearsay and irrelevant, as well as inadmissible under Rule 403. This evidence would also be inadmissible character evidence unless Defendant Anderson places his character at issue.

24.     Plaintiff will move to exclude the use of any testimony from the criminal trial of Cesar Navejar.

25.     Plaintiff will move to exclude the use of social media posts by various individuals (without limitation, Defendants' exhibits 99-107, 111) as irrelevant, hearsay, character evidence, and inadmissible under Rule 403. Plaintiff also contends that Defendants' exhibit list does not identify these exhibits with adequate precision.

26.     Plaintiff reserves the right to move to exclude Defendants' exhibit 76, which is described as photographs of Defendant Anderson's tattoos. These photographs have not been exchanged or disclosed.

27.     Plaintiff reserves the right to move to exclude Defendants' exhibit 77, which is described as artwork drawn by George Anderson. This exhibit has not been exchanged or disclosed.

Defendants:

1.     To preclude evidence or witnesses not disclosed or produced during discovery.

2.     To preclude improper comments regarding damages including any inquiry, comment or argument before the jury that suggests that jurors should base Plaintiffs' damages on an amount that the jurors would charge to endure similar injuries, or that would appeal to community standards or morals.

3.     To preclude evidence of indemnification of George Anderson by the County of Kern.

**The Court ORDERS, without need for a motion, that there will be no evidence permitted at trial**

**indicating that the County of Kern will indemnify Anderson for any damage award.**

4. To bifurcate the issue of the amount of punitive damages from the other issues in the case. **The Court ORDERS, without need for a motion, that the issue of the amount of punitive damages will be decided in a secondary phase of the trial, as necessary.**

5. To bifurcate the Monell and supervisory liability issues from Anderson's liability issues. **See Headnote "R" below.**

6. To preclude Plaintiff's retained experts from testifying at trial as to ultimate facts, the credibility of witnesses, legal conclusions, past experiences or claims of success; and from giving opinions that lack foundation or are based on speculation.

7. To preclude evidence of George Anderson's criminal history.

8. To preclude non-expert witness form offering expert opinions or testimony. **The Court ORDERS, without need for a motion that no lay witness will be permitted to offer expert opinions.**

9. To preclude evidence pertaining to Plaintiff's future economic loss. **The Court ORDERS, without need for a motion, that there will be no evidence permitted at trial related to any future wage losses by the plaintiff.**

10. To preclude evidence pertaining to Plaintiff's lack or loss of sexual intimacy.

11. To preclude evidence of any other lawsuits and/or criminal matters against Anderson.

12. To preclude Plaintiff from presenting evidence contrary to admissions made during discovery.

13. To preclude testimony of Plaintiff's expert Deborah Cresswell on the grounds of foundation, and Daubert principles.

14. To preclude testimony of Plaintiff's experts John Bacon and Daniel Marble on the grounds of relevance, foundation, cumulative opinions, and the fact that they are unqualified as experts.

15. To preclude evidence of any other lawsuits against the County of Kern or any other juvenile corrections officer employed at James H. Bowles Juvenile Hall. **The Court ORDERS, without need for a motion, that there will be no evidence permitted at trial indicating that other lawsuits have been filed against the County of Kern or other employees of the Kern County**

**Probation Department. However, if otherwise admissible and relevant to the County of Kern's liability, evidence from witnesses related to acts which gave rise to litigation may be admitted.**

16. To preclude evidence of Bakersfield Police Department's referral of the subject investigation to the District Attorney's office to file charges. **The Court ORDERS, without need for a motion, that there will be no evidence permitted at trial indicating that the Bakersfield Police Department sought charges to be filed by the District Attorney related to events at issue in this litigation.**

17. To preclude evidence of George Anderson's current employment status or that he was placed on administrative leave.

18. To preclude evidence of use of force by George Anderson against any wards at juvenile hall.

19. To preclude evidence of George Anderson's social media sites, including art work, and anything of an erotic nature.

20. To preclude testimony of claims that George Anderson "showered" or was "showering" the wards.

21. To preclude evidence or argument that George Anderson refused to provide DNA sample to Bakersfield Police Department without a warrant.

22. To preclude testimony or argument of Plaintiff's claim that George Anderson told Plaintiff he was taking her to the warehouse to "f -- k"

23. To preclude evidence of Plaintiff's claim that George Anderson looked through plaintiff's window when she had a "privacy" sign up.

24. To preclude evidence relating to Prison Rape Elimination Act (PREA)

25. An order that the full names of Plaintiff and any other wards be used at trial. **The Court ORDERS, without need for a motion, that the names of the plaintiff and other witnesses will be use regardless of whether they would otherwise be entitled to confidentiality according to California Welfare and Institutions Code § 827.**

26. To preclude Plaintiff from eliciting testimony from female juvenile hall staff about whether they would feel comfortable showering at juvenile hall if a male was in the unit. **The Court**

**ORDERS, without need for a motion, that there will be no evidence permitted at trial indicating that female staff members would or would not have been comfortable showering if a male staff member was present in the housing unit.**

27.     To preclude any opinions of witnesses, including expert witnesses, as to the credibility of other witnesses.

28.     To preclude all media coverage including but not limited to video, audio and typographical accounts of the Plaintiff's claims against George Anderson. **The Court ORDERS, without need for a motion, that there will be no evidence permitted at trial related to media accounts of the events that are alleged to have given rise to this litigation or anything concerning this litigation.**

29.     Motion to preclude the fact that Bakersfield Police Department recommended filing a criminal complaint against Anderson. **The Court ORDERS, without need for a motion, that there will be no evidence permitted at trial indicating that the Bakersfield Police Department recommended criminal charges be filed against Anderson.**

30.     To preclude evidence that is protected by California Penal Code § 832.7 and § 832.8, and California Evidence Code § 1040 and § 1043, and Anderson's right to privacy, including evidence regarding personnel matters, prior complaints concerning job performance or prior disciplinary issues with Kern County Probation.

31.     Request to unseal only documents that are to be used as evidence. **The Court ORDERS, without need for a motion, that the protective order does not preclude the use of documents at trial that have been sealed by the Court.  As to these documents and for trial only, they are UNSEALED.**

32.     Although Defendants disagree with Plaintiff's position that her prior sexual victimization requires a motion under FRE 412, Defendants will address this issue.

**F.      SPECIAL FACTUAL INFORMATION**

As set forth in the joint pretrial statement. (Doc. 80 at 9-14)

**G.      RELIEF SOUGHT**

Plaintiff seeks past and future economic and non-economic damages, statutory damages,

punitive damages and attorneys' fees.

The defendants seek a defense verdict and fees and costs.

**H.     ABANDONED ISSUES**

None.

**I.     WITNESSES**

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses.  NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

1.     Jane Doe
2.     George Anderson
3.     Heathe Appleton
4.     Shawn S. Romans
5.     Sherry Jones
6.     Breanna Bracamonte
7.     Sabrina Dawn Heinze
8.     Gerardo Saenz
9.     Lance O'Nesky
10.    Leesa Ann Howard
11.    S.V.
12.    Ernie Geronimo
13.    Virginia Suender
14.    Sarah Rodriguez
15.    Alfred Cervantes, III
16.    John Zahry
17.    Sharolyn Takata
18.    Travis Bates

| | |
|---|---|
| 1 | 19.     Donna Jones |
| 2 | 20.     Brandon Beecher |
| 3 | 21.     Shay Molennor |
| 4 | 22.     Mesha Elliott |
| 5 | 23.     Kathy Lemon |
| 6 | 24.     TR Merickel |
| 7 | 25.     William Dickinson |
| 8 | 26.     Catherine Julie Gonzalez |
| 9 | 27.     Janell Davidson |
| 10 | 28.     Deborah L. Cresswell, Ph.D. |
| 11 | 29.     Daniel Marble |
| 12 | 30.     John Bacon |
| 13 | 31.     Harold Lee Seymour, Ph.D |
| 14 | 32.     Tory Williams |
| 15 | 33.     Noreida Iniguez |
| 16 | 34.     Araceli Altamirano |
| 17 | 35.     Amanda Duran |
| 18 | 36.     Olga Navarro |
| 19 | 37.     Cherice Jones |
| 20 | 38.     Divyesh Bhakta |
| 21 | 39.     Fabian Estrada |
| 22 | 40.     Francisco Maldonado |
| 23 | 41.     Justin Richards |
| 24 | 42.     Karina Cardoza |
| 25 | 43.     Melissa Estrada |
| 26 | 44.     Matt Fontaine |
| 27 | 45.     Stephanie Gonzalez |
| 28 | 46.     Rachel Jonson |

47. Richard Figueroa

48. Jason McKinley

49. Frances Torres

50. Y. B., as identified in the Kern County Probation Department Memorandum dated October 14, 2015 to Brandon Beecher from Shaun Romans and Sherry Jones, Probation Supervisors;

51. G. M., as identified in the Kern County Probation Department Memorandum dated October 14, 2015 to Brandon Beecher from Shaun Romans and Sherry Jones, Probation Supervisors;

52. M. R., as identified in the Kern County Probation Department Memorandum dated October 14, 2015 to Brandon Beecher from Shaun Romans and Sherry Jones, Probation Supervisors;

53. G. B., as identified in the Kern County Probation Department Memorandum dated October 14, 2015 to Brandon Beecher from Shaun Romans and Sherry Jones, Probation Supervisors;

54. A. V., as identified in the Kern County Probation Department Memorandum dated October 14, 2015 to Brandon Beecher from Shaun Romans and Sherry Jones, Probation Supervisors;

55. L. H., as identified in the Kern County Probation Department Memorandum dated October 14, 2015 to Brandon Beecher from Shaun Romans and Sherry Jones, Probation Supervisors;

56. S. D., as identified in the Kern County Probation Department Memorandum dated October 14, 2015 to Brandon Beecher from Shaun Romans and Sherry Jones, Probation Supervisors;

57. B. C., as identified in the Kern County Probation Department Memorandum dated October 14, 2015 to Brandon Beecher from Shaun Romans and Sherry Jones, Probation Supervisors;

58. D. R., as identified in the Kern County Probation Department Memorandum dated October 14, 2015 to Brandon Beecher from Shaun Romans and Sherry Jones, Probation Supervisors;

59. S. R., as identified in the Kern County Probation Department Memorandum dated October 14, 2015 to Brandon Beecher from Shaun Romans and Sherry Jones, Probation Supervisors;

60. M. O., as identified in the Kern County Probation Department Memorandum dated October 14, 2015 to Brandon Beecher from Shaun Romans and Sherry Jones, Probation Supervisors;

61. N. M., as identified in the Kern County Probation Department Memorandum dated October 14, 2015 to Brandon Beecher from Shaun Romans and Sherry Jones, Probation Supervisors;

62. R. W., as identified in the Kern County Probation Department Memorandum dated October 14,

2015 to Brandon Beecher from Shaun Romans and Sherry Jones, Probation Supervisors;

63. C. D., as identified in the Kern County Probation Department Memorandum dated October 14, 2015 to Brandon Beecher from Shaun Romans and Sherry Jones, Probation Supervisors;

64. M. S., as identified in the Kern County Probation Department Memorandum dated October 14, 2015 to Brandon Beecher from Shaun Romans and Sherry Jones, Probation Supervisors;

65. A. M., as identified in the Kern County Probation Department Memorandum dated October 14, 2015 to Brandon Beecher from Shaun Romans and Sherry Jones, Probation Supervisors;

66. C. R., as identified in the Kern County Probation Department Memorandum dated October 14, 2015 to Brandon Beecher from Shaun Romans and Sherry Jones, Probation Supervisors;

67. S. B., as identified in the Kern County Probation Department Memorandum dated October 14, 2015 to Brandon Beecher from Shaun Romans and Sherry Jones, Probation Supervisors;

68. E. V., as identified in the Kern County Probation Department Memorandum dated October 14, 2015 to Brandon Beecher from Shaun Romans and Sherry Jones, Probation Supervisors;

69. J. L., as identified in the Kern County Probation Department Memorandum dated October 14, 2015 to Brandon Beecher from Shaun Romans and Sherry Jones, Probation Supervisors;

70. J. G., as identified in the Kern County Probation Department Memorandum dated October 14, 2015 to Brandon Beecher from Shaun Romans and Sherry Jones, Probation Supervisors;

71. B. A., as identified in the Kern County Probation Department Memorandum dated October 14, 2015 to Brandon Beecher from Shaun Romans and Sherry Jones, Probation Supervisors;

72. T. B., as identified in the Kern County Probation Department Memorandum dated October 14, 2015 to Brandon Beecher from Shaun Romans and Sherry Jones, Probation Supervisors;

73. M. A., as identified in the Kern County Probation Department Memorandum dated October 14, 2015 to Brandon Beecher from Shaun Romans and Sherry Jones, Probation Supervisors;

74. K. B., as identified in the Kern County Probation Department Memorandum dated October 14, 2015 to Brandon Beecher from Shaun Romans and Sherry Jones, Probation Supervisors;

75. J. S., as identified in the Kern County Probation Department Memorandum dated October 14, 2015 to Brandon Beecher from Shaun Romans and Sherry Jones, Probation Supervisors;

76. J. N., as identified in the Kern County Probation Department Memorandum dated October 14,

2015 to Brandon Beecher from Shaun Romans and Sherry Jones, Probation Supervisors;

77.     Y. M., as identified in the Kern County Probation Department Memorandum dated October 14,

2015 to Brandon Beecher from Shaun Romans and Sherry Jones, Probation Supervisors;

In addition to the witnesses listed by Plaintiff, Defendants may also call the following witnesses:

1.      April Etheridge

2.      Matt Gomez

3.      Gladys Munoz

4.      Julia Villagran

5.      Kern County Sheriff's Deputy Mario Magana

6.      Kern County Probation Officer Ahmed Baumer

7.      Kern County Probation Officer Omar Villa

8.      Bakersfield Police Detective Westbrook

9.      Bakersfield Police Detective Galland

10.     Annette Hughes

11.     Matt Moss

12.     David Faingold

13.     Shawn Collins, Esq.

14.     Amber Preisendorfer

15.     Jose Santamaria

16.     M. Ojeda

17.     St. Gonzalez

18.     C. Forest

19.     Ann Rosales

20.     Nora Royer

21.     Jennie Sill

22.     Jenny Thielman

23.     Kathy Mello

24.     Sixto Urzua

13

| | | |
|---|---|---|
| 1 | 25. | Jonae Swisher |
| 2 | 26. | Ahmed Dawlatly |
| 3 | 27. | Frederic L. Rowe, M.D. |
| 4 | 28. | Adrianne M. Tolliver |
| 5 | 29. | Erica Clawson |
| 6 | 30. | M. Borcky |
| 7 | 31. | Anissa Worthy |
| 8 | 32. | Melony Dizon |
| 9 | 33. | Amy Raddtz |
| 10 | 34. | Dwayne Howell |
| 11 | 35. | Michelle DeArman |
| 12 | 36. | Donna Sage |
| 13 | 37. | Bonnie Holt |
| 14 | 38. | Kimberly Robbins |
| 15 | 39. | Willie Wright |
| 16 | 40. | Kathy Thielman |
| 17 | 41. | Kieron Barkataki |
| 18 | 42. | Breanna Ackerman |
| 19 | 43. | Priscilla Ayon |
| 20 | 44. | Kalijah Benford |
| 21 | 45. | Yolanda Barraza |
| 22 | 46. | Gabrielle Bensusen |
| 23 | 47. | Tytiana Blowers |
| 24 | 48. | Selena De Leon |
| 25 | 49. | Jaylene Garcia-Lopez |
| 26 | 50. | Lorena Hernandez |
| 27 | 51. | Jer'Marria Johnson |
| 28 | 52. | Yahil Morales |

| | |
|---|---|
| 1 | 53. Gina Mason |
| 2 | 54. Angelique Maldonado |
| 3 | 55. Norma Martinez |
| 4 | 56. Jasmine Nall |
| 5 | 57. Miriam Oriellana |
| 6 | 58. Cierra Rodriguez |
| 7 | 59. Marcela Rosales |
| 8 | 60. Jacee Sarver |
| 9 | 61. Thalia Strickland |
| 10 | 62. Anallely Villegas |
| 11 | 63. Samantha Vazquez |
| 12 | 64. Shell Beach |
| 13 | 65. Sarah Lopez |
| 14 | 66. Matt Gomez |
| 15 | 67. Erica Holyfield |
| 16 | 68. Dave Young |
| 17 | 69. Elizabeth Gong |
| 18 | 70. Greg Williamson |
| 19 | 71. Glen Brown |

**J.  EXHIBITS, SCHEDULES AND SUMMARIES**

The following is a list of documents or other exhibits, including rebuttal and impeachment witnesses, that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

1.  Bakersfield Police Department, General Offense Hardcopy, Juvenile Court Petition, GO# 2015-34745;

2.  Kern County Probation Department letter dated February 12, 2015 from TR Merickel, Chief

Probation Officer to George Anderson regarding being placed on paid administrative leave and suspension of peace officer powers;

3.      Kern County Probation Department Memorandum dated March 11, 2015 from Matt Fontaine to Shay Molennor regarding S.V. and D.L. PREA chronology;

4.      Kern County Probation Department letter dated May 19, 2015 from Shaun Romans and Sherry Jones to George Anderson regarding Notice of Administrative Investigation Interview;

5.      Kern County Probation Department letter dated July 17, 2015 from TR Merickel, Chief Probation Officer to George Anderson regarding Notice of Administrative Leave/Revocation of Peace Officer Powers;

6.      Kern County Probation Department Memorandum dated October 14, 2015 to Brandon Beecher, Deputy Chief Probation Officer from Shaun S. Romans and Sherry Jones regarding George A. Anderson (the "Romans Report");

7.      Kern County Probation Department letter dated January 14, 2016 from William Dickinson, Probation Division Director to George Anderson regarding Notice of Proposed Disciplinary Action;

8.      Internal Affairs Investigation's file of George Anderson files D11-015 and D15-009) with Bates Stamp numbers 000001 through 000360;

9.      Unit 300A – Unit Shift Report dated December 9, 2014, Shift 6:00 a.m. – 2:00 p.m.;

10.     Unit 300A – Unit Shift Report dated December 15, 2014, Shift 6:00 a.m. – 2:00 p.m.;

11.     Unit 300A – Unit Shift Report dated December 18, 2014, Shift 6:00 a.m. – 2:00 p.m.

12.     Unit 300A – Unit Shift Report dated December 21, 2014, Shift 6:00 a.m. – 2:00 p.m.;

13.     Unit 300A – Unit Shift Report dated December 22, 2014, Shift 6:00 a.m. – 2:00 p.m.;

14.     Unit 300A – Unit Shift Report dated December 23, 2014, Shift 6:00 a.m. – 2:00 p.m.;

15.     Unit 300A – Unit Shift Report dated December 24, 2014, Shift 6:00 a.m. – 2:00 p.m.;

16.     Unit 300A – Unit Shift Report dated December 28, 2014, Shift 6:00 a.m. – 2:00 p.m.;

17.     Unit 300A – Unit Shift Report dated December 29, 2014, Shift 6:00 a.m. – 2:00 p.m.;

18.     Unit 300A – Unit Shift Report dated December 30, 2014, Shift 6:00 a.m. – 2:00 p.m.;

19.     Unit 300A – Unit Shift Report dated January 5, 2015, Shift 6:00 a.m. – 2:00 p.m.;

20.     Unit 300A – Unit Shift Report dated January 6, 2015, Shift 6:00 a.m. – 2:00 p.m.;

21.     Unit 300A – Unit Shift Report dated January 7, 2015, Shift 6:00 a.m. – 2:00 p.m.;

22.     Unit 300A – Unit Shift Report dated January 11, 2015, Shift 6:00 a.m. – 2:00 p.m.;

23.     Unit 300A – Unit Shift Report dated January 19, 2015, Shift 6:00 a.m. – 2:00 p.m.;

24.     Unit 300A – Unit Shift Report dated January 28, 2015, Shift 6:00 a.m. – 2:00 p.m.;

25.     Unit 300A – Unit Shift Reports dated September 1, 2014 to September 30, 2014;

26.     Unit 300A – Unit Shift Reports dated October 1, 2014 to October 31, 2014;

27.     Unit 300A – Unit Shift Reports dated November 1, 2014 to November 30, 2014;

28.     Unit 300A – Unit Shift Reports dated December 1, 2014 to December 31, 2014;

29.     Unit 300A – Unit Shift Reports dated January 1, 2015 to January 30, 2015;

30.     Unit 300A – Unit Shift Reports dated February 1, 2015 to February 12, 2015;

31.     Handwritten notes dated March 10, 2015 for Kimberly Richardson, Deputy District Attorney attached as Exhibit 1 to Defendant County of Kern's Supplemental Response to Plaintiff's Request for Production of Documents, Set Three;

32.     Kern County Probation Juvenile Facilities, Annual PREA Staffing and Video Surveillance Review dated November 17, 2015;

33.     Kern County Probation Juvenile Facilities, Annual PREA Staffing and Video Surveillance Review dated October 22, 2014;

34.     Kern County Probation Department Memorandum dated April 9, 2014 to David Kuge, Chief Probation Officer to Matt Fontaine regarding Annual PREA Review 2012-2013;

35.     Kern County Probation Department Memorandum dated October 22, 2014 from David Kuge, Chief Probation Officer to Matt Fontaine regarding Annual PREA Review 2013-2014;

36.     December, 2014 calendar marked as Exhibit 24 to the deposition transcript of George Anderson;

37.     Kern County Probation Department Policy Acknowledgement Form signed by George Anderson on October 7, 2014;

38.     Kern County Probation Department Policy Acknowledgement Form signed by George Anderson on November 12, 2013;

39.     Personnel file of George Anderson;

17

40.     Juvenile Hall Basic Staff Rule 1425

41.     Photograph of back patio window with paper covering window;

42.     Photograph of back patio window with paper missing;

43.     Photograph of 300A – counter to shower view;

44.     Photograph of 300A – view from within shower #3 with investigator standing in front of staff computer;

45.     Photograph of 300 A – Shower #3 – gap reveals person within;

46.     Photograph of bathroom with officer countertop showing in the mirror;

47.     Photographs of doors with paper or covering over window;

48.     Selected photographs of the juvenile hall facility taken by Shaun Romans;

49.     Selected photographs from inspection of facility by Plaintiff's expert;

50.     Prison Rape Elimination Act, Juvenile Facility Standards dated May 17, 2012;

51.     Kern County Probation Department Administrative Manual, Title: Prison Rape Elimination Act, Article 1615, REV 03-12;

52.     Kern County Probation Department Administrative Manual, Administrative Manual Bulletin #6 Title:  Prison Rape Elimination Act, Article 1615, dated October 6, 2014;

53.     Kern County Probation Department Administrative Manual, Title: Prison Rape Elimination Act, Article 1615, REV 08-15;

54.     Kern County Probation Department Administrative Manual, Title: Prison Rape Elimination Act, Article: 1615 Policy, REV 06-14;

55.     E-Mail dated December 6, 2011 regarding 0031-062998: PREA – Prison Rape Elimination Act from Sara J. Dunham to Terry Trimble;

56.     Standard and Training for Corrections (STC) Program regarding PREA – Prison Rape Elimination Act dated November 27, 2012;

57.     Standard and Training for Corrections (STC) Program regarding PREA – Prison Rape Elimination Act dated December 5, 2011;

58.     Standard and Training for Corrections (STC) Program regarding PREA – Prison Rape Elimination Act dated November 13, 2014;

18

59. Standard and Training for Corrections (STC) Program regarding PREA Update dated August 14, 2014;

60. Lesson Plan for core academics, four hours;

61. Lesson plan for PREA booster, two hours;

62. Core Training Course Outline and Unit Schedule of the JCO Core Training Course;

63. Juvenile Corrections Officer Core Course, Board of State and Community Corrections;

64. Document entitled, "PREA Training for Non-Sworn Staff;"

65. PREA Training Outline;

66. Pamphlet entitled, "You Are Not Alone," Alliance Against Family Violence;

67. Pamphlet entitled, "What You Need to Know About Sexual Assault, Harassment, and Abuse," from the Kern County Probation Department;

68. Pamphlet entitled, "Your Responsibilities in the Prevention and Reporting of Sexual Misconduct with Probation Youth" from the Kern County Probation Department;

69. Kern County Probation Department Directive;

70. Client Notes and file materials of Jane Doe from Sabrina Heinze, MSW, ASW, Alliance Against Family Violence and Sexual Assault;

71. Diagram Unit 300-A;

72. Diagram Unit 300-A Disaster Evacuation Plan;

73. Diagram Unit 300-B;

74. Diagram Unit 300-B Disaster Evacuation Plan;

75. Diagram Unit 300-B School Grounds;

76. Kern County Probation Department Memorandum dated October 14, 2015 from Shaun Romans and Sherry Jones to Brandon Beecher;

77. National PREA Resource Center, Cross-Gender Supervision;

78. Photocopy of Virginia Suender's planner showing notation made July 29, 2014;

79. D11-015 investigation file;

80. Internal Investigation Interview Guide;

81. Alliance Against Family Violence and Sexual Assault document entitled "Assessment for

Children for parents to fill out" for D.L.;

82.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1000 – Policy and Procedure Manual;

83.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1005 – Care and Use of Manual;

84.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1010 – General Philosophy of Juvenile Hall;

85.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1015 – Relationships with Other Divisions and Agencies;

86.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1100 – Staffing;

87.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1100.2 – Management & Supervision;

88.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1100.3 – Line Staff Positions;

89.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1100.4 – Services Staff Positions;

90.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1100.5 – Office Staff Positions;

91.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1100.6 – Interns;

92.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1100.7 – Volunteers;

93.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1100.8 – Medical;

94.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1200 – Work Hours;

95.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013,

20

Policy 1205 – Staffing and Scheduling Procedures;

96.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1210 – Shift Rotation;

97.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1215 – Employee Dress Code and Uniforms;

98.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1220 – Meals – Staff;

99.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1300 – Reporting of Legal Actions;

100.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1400 – Training Policies;

101.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1405 – Child Supervision Staff Training;

102.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Training Data Sheet;

103.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Training Checklist;

104.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1410 – Fire and Life Safety;

105.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1415 – Training Agenda/Outline for Extra Help & New Staff;

106.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1420 Evaluation Process;

107.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1425 – Juvenile Hall Basic Staff Rules;

108.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1430 – Weapons Policy;

109.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013,

Policy 1440 – Communications;

110.    James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1445 – Keys;

111.    James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1450 – Transportation of Minors;

112.    James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1455 – Security;

113.    James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1457 – Searches;

114.    James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1460 – Crime Scene Preservation;

115.    James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1465 – Safety/Room Checks;

116.    James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1500 – Employee Safety, Accident Prevention and Emergency;

117.    James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1502 Fire and Life Safety Plan;

118.    James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, 1502 – Major Unit Clean up/Fire Inspection;

119.    James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1505 – Emergency Procedure;

120.    James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1522 – Mental Health Emergencies;

121.    James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1525 – Medical Emergencies and First Aid;

122.    James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1545 – Bomb Threats;

123.    James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013,

Policy 1645 – Safety Rooms;

124.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1645.1 – Extraction Plan;

125.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1650 – Grievance – Minors;

126.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1655 – Incident Reporting and Report Writing;

127.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1705 Central School Program;

128.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1710 – Recreation and Exercise;

129.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1715 – Religious Program;

130.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1720 – Work Program;

131.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1725 – Visiting;

132.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1730 – Correspondence;

133.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1735 – Telephone Access;

134.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1740 Access to Legal Services;

135.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1745 – Social Awareness Program;

136.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1800 – Discipline;

137.     James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013,

Policy 1805 – Discipline Process;

138. James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1810 – Due Process;

139. James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1953 – Sexual Assaults;

140. James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 2200 – Facility Sanitation, Safety and Maintenance;

141. James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 2210 – Smoke Free Environment;

142. James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1600 – Admittance Procedures;

143. James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1600.1 – Personal Property;

144. James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1600.2 – Booking/Control;

145. James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1605 – Release Procedures;

146. James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1610 – Classification;

147. James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1615 – Orientation;

148. James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1620 – Segregation;

149. James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1625 Assessment and Plan;

150. James G. Bowles Juvenile Hall Administrative Manual revised 2012 and 2013, printed 2013, Policy 1630 – Counseling and Casework Services;

151. James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1100 –

Facility Staffing and Recruitment;

152.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1205 Staffing and Scheduling Procedures;

153.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1600 – Admittance Procedures revised July 14, 2015;

154.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1605 – Classification;

155.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1625 – Assessment and Case Plan;

156.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1650 Grievance – Youth;

157.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1740 – Access to Legal Services;

158.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1810 – Due Process revised July 14, 2015;

159.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1400 – Training Policies;

160.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Training Data Sheet;

161.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Training Agenda/Outline for Extra Help and New Staff;

162.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Chapter 5 Training;

163.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1405 – Child/Youth Supervision Staff Training;

164.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1410 – Fire and Life Safety Plan;

165.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1420 – Evaluation Process;

166.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1425 – Juvenile Hall Basic Staff Rules;

167.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1430 – Weapons Policy;

168.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy – Communications;

169.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1445 – Keys;

170.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1450 – Transportation of Youth;

171.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1457 – Searches;

172.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1455 – Security;

173.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1460 – Crime Scene Preservation;

174.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1465 – Safety and Youth Safety/Room Checks;

175.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1502 – Fire and Life Safety Plan;

176.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1505 – Emergency Procedures;

177.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1522 – Mental Health Emergencies;

178.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1523 – Suicide Prevention Program and Procedures;

179.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1525 – Medical Emergencies and First Aid;

180. James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1545 – Handling Threats;

181. James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1550 – Prison Rape Elimination Act;

182. James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1645 – Safety Rooms;

183. James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1953 – Sexual Assaults;

184. James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1912 – First Aid and Emergency Response;

185. James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 1910 – Management of Communicable Diseases;

186. James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Policy 2200 – Facility Sanitation, Safety and Maintenance;

187. Interview with George Anderson, Interviewer: Det. Lance O'Nesky conducted February 12, 2015;

188. Interview with George Anderson, Interviewer: Shaun Romans conducted May 27, 2015;

189. Interview with D.L., Interviewer:  Shaun Romans conducted February 12, 2015;

190. Interview with D.L., Interviewer:  Shaun Romans conducted March 11, 2015;

191. Interview with D.L., Interviewer:  Shaun Romans conducted Arpil 16, 2015;

192. Interview with Marcela Rosales, Interviewer: Shaun Romans conducted April 1, 2015;

193. Interview with S.V., Interviewer: Shawn Romans conducted February 10, 2015;

194. Interview with S.V., Interviewer: Shawn Romans conducted February 26, 2015;

195. Interview with Araceli Altamirano, Interviewers: Shaun Romans and Sherry Jones dated March 9, 2015;

196. Interview with Araceli Altamirano, Interviewers: Shaun Romans and Sherry Jones dated March 23, 2015;

197. Interview with Jer'Marria Johnson, Interviewer: Shaun Romans conducted April 30, 2015;

198. Interview with Breanna Bracamonte, Interviewer: Shaun Romans conducted March 13, 2015;

199. Interview with Leesa Howard, Interviewers: Shaun Romans and Sherry Jones conducted February 25, 2015;

200. Interview with S.V., Interviewer: Shaun Romans conducted February 10, 2015;

201. Interview with S.V., Interviewer: Shaun Romans conducted February 26, 2015;

202. Interview with Heathe Appleton, Interviewer: Shaun Romans conducted March 4, 2015 at 3:03 p.m.;

203. Interview with Heathe Appleton, Interviewer: Shaun Romans conducted March 4, 2015 at 4:35 p.m.;

204. Interview with Heathe Appleton, Interviewer: Shaun Romans conducted March 23, 2015;

205. Interview with Ernie Geronimo, Interviewer: Shaun Romans conducted March 3, 2015;

206. Interview with Ernie Geronimo, Interviewer: Shaun Romans conducted June 2, 2015;

207. Interview with Virginia Suender, Interviewer: Shaun Romans conducted March 13, 2015;

208. Interview with Sarah Rodriguez, Interviewer: Shaun Romans conducted March 6, 2015;

209. Interview with Alfred Cervantes, Interviewer: Shaun Romans conducted March 25, 2015;

210. Interview with Shay Molennor, Interviewer: Shaun Romans conducted April 6, 2015;

211. Interview with Shay Molennor, Interviewer: Shaun Romans conducted June 5, 2015;

212. Interview with Janell Davidson, Interviewer: Shaun Romans taken March 4, 2015;

213. Interview with Janell Davidson, Interviewer: Shaun Romans taken June 1, 2015;

214. Interview with George Anderson, Interviewer: Det. Lance O'Nesky taken February 12, 2015;

215. Second Interview with George Anderson, Interviewer: Det. Lance O'Nesky taken February 12, 2015;

216. Interview with George Anderson, Interviewer: Shaun Romans taken May 27, 2015;

217. Interview with Fabian Estrada, Interviewer: Shaun Romans taken March 11, 2015;

218. Interview with Frances Torres, Interviewer: Shaun Romans taken March 27, 2015;

219. Interview with Francisco Maldonado, Interviewers: Shaun Romans and Sherry Jones taken February 25, 2015;

220. Interview with Jason McKinley, Interviewer: Shaun Romans taken March 30, 2015;

221.    Interview with Julia Villagran, Interviewer: Shaun Romans taken March 6, 2015;

222.    Interview with Julia Villagran, Interviewer: Shaun Romans taken March 26, 2015;

223.    Interview with Justin Richards, Interviewer: Shaun Romans and Sherry Jones taken March 17, 2015;

224.    Interview with Karina Cardoza, Interviewer: Shaun Romans taken March 25, 2015;

225.    Interview with Melissa Estrada, Interviewer: Shaun Romans taken March 17, 2015;

226.    Interview with Matt Fontaine, Interviewer: Shaun Romans taken March 23, 2015;

227.    Interview with Stephanie Gonzalez, Interviewer: Shaun Romans taken March 9, 2015;

228.    Interview with Stephanie Gonzalez, Interviewer: Shaun Romans taken March 20, 2015;

229.    Interview with Rachel Johnson, Interviewer: Shaun Romans taken March 18, 2015;

230.    Interview with Richard Figueroa, Interviewer: Shaun Romans taken June 2, 2015;

231.    Interview with Tory Williams, Interviewer: Shaun Romans and Sherry Jones conducted March 9, 2015;

232.    Interview with Noreida Iniguez, Interviewer: Shaun Romans conducted March 23, 2015;

233.    Interview with Amanda Duran, Interviewer: Shaun Romans conducted April 3, 2015;

234.    Interview with Olga Navarro, Interviewer: Shaun Romans conducted March 13, 2015;

235.    Interview with Cherice Jones, Interviewer: Shaun Romans conducted June 5, 2015;

236.    Interview with Divyesh Bhakta, Interviewer: Shaun Romans conducted March 18, 2015;

237.    Interview with Breanna Ackerman, Interviewer: Shaun Romans conducted March 26, 2015;

238.    Interview with Gabrielle Bensusen, Interviewer: Shaun Romans conducted April 3, 2015;

239.    Interview with Tytiana Blowers, Interviewer: Shaun Romans conducted March 27, 2015;

240.    Interview with Jaylene Garcia-Lopez, Interviewer: Shaun Romans conducted March 25, 2015;

241.    Interview with Gina Mason, Interviewer: Shaun Romans conducted on unknown date;

242.    Interview with Yahil Morales, Interviewer: Shaun Romans conducted on April 18, 2015;

243.    Interview with Yolanda Barraza-Hernandez, Interviewer: Shaun Romans conducted on February 26, 2015;

244.    Interview with Norma Martinez, Interviewer: Shaun Romans conducted March 9, 2015;

245.    Interview with Miriam Orellana, Interviewer: Shaun Romans conducted March 10, 2015;

246.     Interview with Angelique Moldanado, Interviewer: Shaun Romans and Sherry Jones conducted on March 23, 2015;

247.     Interview with Jasmine Nall, Interviewer: Shaun Romans conducted on March 31, 2015;

248.     Interview with Marcela Rosales, Interviewer: Shaun Romans conducted April 1, 2015;

249.     Interview with Cierra Rodriguez, Interviewer: Shaun Romans and Sherry Jones conducted April 1, 2015;

250.     Interview with Jacee Sarver, Interviewer: Shaun Romans conducted March 27, 2015;

251.     Interview with Anallely Villegas, Interviewer: Shaun Romans conducted February 18, 2015;

252.     Interview with Selenda De Leon, Interviewer: Shaun Romans and Sherry Jones conducted February 19, 2015;

253.     Interview with Kalijah Benford, Interviewer: Shaun Romans conducted March 27, 2015;

254.     Psychological records of D. L. from Alliance Against Family Violence and Sexual Assault.

255.     PREA Training Outline;

256.     Brochure entitled "What You Need to Know About Sexual Assault, Harassment, and Abuse;

257.     Brochure entitled "Your Responsibilities in the Prevention and Reporting of Sexual Misconduct with Probation Youth;

258.     Kern County Probation Department Directive, Title: Prison Rape Elimination Act, Article: 1615 Policy;

259.     E-Mail from RFC-STC to trimblet@co.kern.ca.us dated December 6, 2011 regarding 0031-062998: PREA – Prison Rape Elimination Act, Rev. 6-14;

260.     Standards and Training for Corrections (STC) Program - PREA – Prison Rape Elimination Act, Certification Date November 27, 2012;

261.     Standards and Training for Corrections (STC) Program – PREA – Prison Rape Elimination Act, Certification Date December 5, 2011;

262.     Standards and Training for Corrections (STC) Program – PREA – Prison Rape Elimination Act, Certification Date November 13, 2014;

263.     Standards and Training for Corrections (STC) Program – PREA – PREA Update, Certification Date August 14, 2014;

264.	Lesson Plan for Core Academics, Course Title: Prison Rape Elimination Act (PREA);

265.	Lesson Plan for PREA booster, two hours;

266.	Core Training Course Outline and Unit Schedule;

267.	Juvenile Corrections Officer Core Course effective July 1, 2007;

268.	Memorandum to David M. Kuge, Chief Probation Officer from Matt S. Fontaine, PREA Coordinator dated April 9, 2014 regarding Annual PREA Review 2012-2013;

269.	Memorandum to David M. Kuge, Chief Probation Officer from Matt S. Fontaine, PREA Coordinator dated October 22, 2014 regarding Annual PREA Review 2013-2014;

270.	Memorandum  to T.R. Merickel, Chief Probation Officer from Matt S. Fontaine, PREA Coordinator dated December 4, 2015 regarding Annual PREA Review 2014-2015;

271.	Kern County Probation Department, Administrative Manual, Title: Prison Rape Elimination Act, Article 1615 Rev. 03-12;

272.	Kern County Probation Department Administrative Manual, Administrative Manual Bulletin #6, Title: Prison Rape Elimination Act, approved by Chief David M. Kuge, Article 1615 dated October 6, 2014;

273.	Kern County Probation Department, Administrative Manual, Title: Prison Rape Elimination Act, Article 1615 Rev 08-15;

274.	Juvenile Facility Standards, United States Department of Justice Final Rule, Prison Rape Elimination Act dated May 17, 2012;

275.	Kern County Probation, Juvenile Facilities, Annual PREA Staffing and Video Surveillance Review, Report Date:  October 22, 2014;

276.	Kern County Probation, Juvenile Facilities, Annual PREA Staffing and Video Surveillance Review, Report Date:   November 17, 2015;

277.	James G. Bowles Juvenile Hall Administrative Manual Revised 2014-2015, 1650 - Grievance – Youth, Title 15, Article 5, Section 1361, PREA Standard 115.351, 115.352, 115.367;

278.	James G. Bowles Juvenile Hall Administrative Manual Revised 2014-2015, 1455 - Security, Title 15, Article 3, Section 1326, PREA Standards Section 115.212(e);

279.	James G. Bowles Juvenile Hall Administrative Manual Revised 2014-2015, 1465 - Safety and

Youth Safety/Room Checks, Title 15, Article 3, Section 1328, PREA Standards Section 115.313;

280.    James G. Bowles Juvenile Hall Administrative Manual Revised 2014-2015, 1550 - Prison Rape Elimination Act;

281.    James G. Bowles Juvenile Hall Administrative Manual Revised 2014-2015, 1953 - Sexual Assaults, Title 15, Article 8, Section 1453, PREA Standards Section 115.321, 115.352, and 115.353;

282.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Chapter 5, Training;

283.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, 1400 -Training Policies, Title 15, Article 3, Section 1320;

284.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Training Data Sheet;

285.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, 1405 -Child/Youth Supervision Staff Training;

286.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, 1425 -Juvenile Hall Basic Staff Rules, Prison Rape Elimination Act, Juvenile Facility Standards Section 115.315, 115.341 revised 7/14/15;

287.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, 1455 -Security, Title 15, Article 3, Section 1326, PREA Standards Section 115.313(e);

288.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, 1457 -Searches, Title 15, Article 5, Section 1360, PREA Standard Section 115.315;

289.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, 1465 -Safety and Youth Safety/Room Checks, Title 15, Article 3, Section 1328, PREA Standards Section 115.313;

290.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Training Data Sheet, Attachment B, revised 4/8/15;

291.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Training Checklist, Attachment C, revised 7/14/15;

292.    James G. Bowles Juvenile Hall Administrative Manual revised 2014-2015, Training Agenda/Outline for Extra Help and New Staff, Attachment D, revised 4/8/15;

293.     Memorandum from Shay Molennor to Matt Fontaine dated March 11, 2015 regarding Jane Doe PREA Chronology;

294.     Memorandum from Janell Davidson to Shay Molennor dated February 10, 2015 regarding Jane Doe – Counseling;

295.     Memorandum from Janell Davidson to Shay Molennor dated February 26, 2015 regarding Jane Doe – Victim Services;

296.     Memorandum from Janell Davidson to Shay Molennor dated March 11, 2015 regarding Jane Doe;

297.     Kern County Probation Juvenile Facilities, Annual PREA Staffing and Video Surveillance Review, Report Date October 22, 2014;

298.     Kern County Probation Juvenile Facilities, Annual PREA Staffing and Video Surveillance Review, Report Date November 17, 2015;

299.     January 2014 PREA Auditor Training Advance Work:  Completing the Audit Tool;

300.     Bureau of Justice Assistance, U.S. Department of Justice, National PREA Resource Center, PREA Compliance Audit Tool, Checklist of Policies/Procedures/and Other Documents for Prisons and Jails dated May 3, 2013;

301.     Bureau of Justice Assistance, U.S. Department of Justice, National PREA Resource Center, PREA Audit:  Pre-Audit Questionnaire, Adult Prisons & Jails;

302.     Bureau of Justice Assistance, U.S. Department of Justice, National PREA Resource Center, PREA Compliance Audit Tool – Instructions for PREA Audit Tour, Prisons and Jails dated May 3, 2013;

303.     Bureau of Justice Assistance, U.S. Department of Justice, National PREA Resource Center, PREA Compliance Audit Tool – Questions for Agency Head (or Designee), Prisons and Jails dated May 3, 2013;

304.     Bureau of Justice Assistance, U.S. Department of Justice, National PREA Resource Center, PREA Compliance Audit Tool – Questions for Warden (or Designee), Prisons and Jails dated May 3, 2013;

305.     Bureau of Justice Assistance, U.S. Department of Justice, National PREA Resource Center,

PREA Compliance Tool – Questions for PREA Compliance Managers and PREA Coordinators, Prisons and Jails dated May 3, 2013;

306.    Bureau of Justice Assistance, U.S. Department of Justice, National PREA Resource Center, PREA Compliance Tool – Questions for Specialized Staff, Prisons and Jails dated May 3, 2013;

307.    Bureau of Justice Assistance, U.S. Department of Justice, National PREA Resource Center, PREA Compliance Audit Tool – Questions for a Random Sample of Staff, Prisons and Jails dated May 3, 2013;

308.    Bureau of Justice Assistance, U.S. Department of Justice, National PREA Resource Center, PREA Compliance Audit Tool – Questions for Inmates, Prisons and Jails dated May 3, 2013;

309.    Bureau of Justice Assistance, U.S. Department of Justice, National PREA Resource Center, PREA Audit:  Auditor's Summary Report, Adult Prisons & Jails;

310.    Bureau of Justice Assistance, U.S. Department of Justice, National PREA Resource Center, PREA Audit: Auditor Compliance Tool, Prevention Planning;

311.    Federal Register, Vol. 77, No. 119, Part II, Department of Justice, 28 CFR Part 115 – National Standards to Prevent, Detect, and Respond to Prison Rape; Final Rule;

312.    Letter dated March 25, 2015 from Scott Kernan, Secretary, State of California, Department of Corrections and Rehabilitation, Office of the Secretary, to The Honorable Loretta Lynch;

313.    Letter dated May 8, 2015 from Jeffrey Beard, Ph.D., Secretary, State of California, Department of Corrections and Rehabilitation, Office of the Secretary, to U.S. Department of Justice and The Honorable Loretta Lynch;

314.    Subpoenaed records of D.L. from Alliance Against Family Violence;

315.    Photographs produced by the Bakersfield Police Department in response to the §828 Petition;

316.    George Anderson's criminal case files

317.    George Anderson's social media activity, associated images, and linked accounts, including with the moniker "animaltaz."

        Defendants:

        In addition to documents listed by Plaintiff, Defendants intend to offer the following documents as evidence at trial:

1.      Juvenile Hall Observation Report, 10/18/13

2.      Juvenile Hall Observation Report, 10/16/13

3.      Juvenile Hall Observation Report, 10/16/13

4.      Interview transcript of D. L. dated March 16, 2011, taken by Shaun Romans

5.      Interview transcript of Francisco Maldonado taken April 20, 2015

6.      Detention and Observation Information, 8/29/12 through 1/30/15

7.      Kern County Probation Vulnerability Assessment re Risk of Victimization and/or Sexually Aggressive Behavior, 12/9/14

8.      Running log re Suicide Watch, 12/ 9/14 - 12/16/14

9.      Kern County Probation Vulnerability Assessment re Risk of Victimization and/or Sexually Aggressive Behavior, 10/13/14

10.     Running log re Suicide Watch, 10/13/14 - 10/17/14

11.     PREA handout, signed by D. L. 3/15/13

12.     Kern Medical Center ER Aftercare Instructions, 12/9/14 (12:55 p.m.)

13.     Kern Medical Center ER Aftercare Instructions, 12/1/14 (23:03 p.m.)

14.     Kern County Court Schools Exit Conference, 9/9/14

15.     Kern County Probation - Medical Authorization, 8/31/12

16.     Certificate for Matrix Relapse Prevention, - D. L. 1/28/13

17.     Kern County Juvenile Facilities Mental Health Consultation Slip, 11/14/13

18.     Kern County Juvenile Facilities Mental Health Consultation Slip, 11/12/13

19.     Kern County Juvenile Facilities Mental Health Consultation Slip, 10/15/13

20.     Kern County Juvenile Facilities Mental Health Consultation Slip, 9/25/13

21.     Memo re D. L. and family appt. to meet with mental health staff on 2/5/13

22.     Kern County Juvenile Facilities Mental Health Consultation Slip, 1/28/13

23.     Kern County Juvenile Facilities Mental Health Consultation Slip, 1/10/13

24.     Kern County Juvenile Facilities Mental Health Consultation Slip, 1/3/13

25.     Kern County Juvenile Facilities Mental Health Consultation Slip, 12/4/12

26.     Kern County Juvenile Facilities Mental Health Consultation Slip, 11/1/12

27.     Kern County Juvenile Facilities Mental Health Consultation Slip, 9/20/12

28.     Kern County Juvenile Facilities Mental Health Consultation Slip, 9/15/12

29.     Kern County Juvenile Facilities Mental Health Consultation Slip, 8/30/12

30.     Kern County Sheriff's Department Field Arrest Data, 12/1/14

31.     2-page email from Jonae Swisher regarding problems with D. L., 10/13/14

32.     Prescription slip for Wellbutrin and Trazadone, 9/9/14

33.     Special Incident Report, 8/13/14 (Pathways)

34.     Institutions Initial Assessment and Case Plan (Pathways) Commitment date: 3/28/14

35.     PACT 2.0 Overview Report, by Alicia Lopez, 4/9/14

36.     Standard Case Plan, 9/9/14

37.     Detention and Observation (medical) Information log 10/2/12 - 9/5/14

38.     Pathways Running Log (Suicide) 8/13/14 - 8/28/14

39.     Kern County Juvenile Facilities Mental Health Consultation Slip, 7/15/14

40.     Kern County Juvenile Facilities Mental Health Consultation Slip, 6/10/14

41.     Kern County Juvenile Facilities Mental Health Consultation Slip, 5/8/14

42.     Kern County Juvenile Facilities Mental Health Consultation Slip, 4/10/14

43.     Kern County Juvenile Facilities Mental Health Consultation Slip, 4/8/14

44.     Kern County Juvenile Facilities Mental Health Consultation Slip, 3/?/14

45.     Kern County Juvenile Facilities Mental Health Consultation Slip, 3/19/14 (or 3/29)

46.     Kern County Juvenile Facilities Mental Health Consultation Slip, [date illegible]

47.     Emergency Response Referral, Date of incident 2/18/15

48.     Suspected Child Abuse Report, 2/18/15

49.     Statement by Ernie Geronimo, DPO III

50.     Suspected Child Abuse Report, 5/25/13

51.     Emergency Response Referral. 5/28/13

52.     CPS Contact, 6/13/13

53.     CPS History 2/2/12 - 1/28/13

54.     Emergency Response Referral. 1/28/13

55. Suspected Child Abuse Report, 1/28/13

56. Emergency Response Referral. 10/31/12

57. Suspected Child Abuse Report, 10/30/12

58. Kern County Probation Department Investigation number D 15-003 including report, photographs, transcripts, audio, and video.

59. Bakersfield Police Department Investigation number 2015-34745, including report, evidence, transcripts, photographs, audio and video.

60. Records regarding D. L. from Alliance Against Family Violence and Sexual Assault.

61. Special Incident Report prepared by JCO George Anderson on February 9, 2015.

62. Special Incident Report prepared by JCO Sarah Rodriguez on February 12, 2015.

63. Special Incident Report prepared by JCO Olga Navarro on February 19, 2015.

64. Special Incident Report prepared by DPO Heathe Appleton on February 20, 2015.

65. Special Incident Report prepared by JCO Leesa Howard on February 20, 2015.

66. Mental Health request slip from Samantha Vazquez dated February 6, 2015.

67. Unit Shift Reports for 300A for December 9, 2014 to February 12, 2015.

68. Daily Grade Reports for 300A for December 9, 2014 to February 12, 2015.

69. Room check logs for 300A for December 9, 2014 to February 12, 2015.

70. Weekly work assignments for Kern County Juvenile Hall, December 9, 2014 through February 12, 2015.

71. Floor diagrams of Units 300A and 300B.

72. Report prepared by Francisco Maldonado on or about February 10, 2015.

73. Request to see Cisco by Samantha Vazquez, dated on or about February 6, 2015.

74. Letter written to Annette Hughes by Samantha Vazquez.

75. Photographs in and around Kern County Juvenile Hall taken by counsel for George Anderson.

76. Photographs of George Anderson's tattoos taken by counsel for George Anderson.

77. Artwork drawn by George Anderson

78. Training records for George Anderson

79. May 3, 2004 letter of commendation regarding George Anderson from Department of Criminal

Justice, California State University, Bakersfield

80. October 21, 2005 letter of commendation regarding George Anderson from Pastor Tommie Wofford of Emmanuel Temple Church

81. March 29, 2006 letter of commendation regarding George Anderson from Sgt. Steve Hansen of Kern County Sheriff's Department Gang Suppression Team

82. June 29, 2006 letter of commendation regarding George Anderson from Office of the District Attorney

83. November 12, 2007 letter of commendation regarding George Anderson from Adjunct Professor, Dana Markiewitz, Behavioral Sciences, Bakersfield College

84. October 10, 2008 letter of commendation regarding George Anderson from Bakersfield City School District

85. October 31, 2008 letter of commendation regarding George Anderson from Panama-Buena Vista Union School District

86. December 16, 2008 letter of commendation regarding George Anderson from Bakersfield City School District

87. March 20, 2009 letter of commendation regarding George Anderson from Panama-Buena Vista Union School District

88. August 31, 2010 letter of commendation regarding George Anderson from Milton Keynes Community Health Services

89. April 4, 2013 letter of commendation regarding George Anderson from County of Kern Mental Health Department

90. Certificate of Completion for George Anderson from California Gang Task Force training, dated November 4-7, 2014;

91. Certificate of Completion for George Anderson from Gangs 101: Hispanic, Prison & Black Gangs – The Past, The Present, The Future; from the Hispanic American Police Command Officers Association, dated August 22, 2013

92. Certificate of Training for George Anderson from California Gang Investigators Association and the Los Angeles County Sheriff's Department, dated July 9-12, 2013;

38

93.     Certificate of Completion for George Anderson from California Gang Task Force training, dated November 5-9, 2012;

94.     Certificate of Training for George Anderson from California Gang Investigators Association and The U.S. Department of Justice, Bureau of Alcohol, Tobacco, and Firearms, dated July 11-14, 2006;

95.     Certificate of Training for George Anderson from Office of the Attorney General, California Department of Justice: Mara Salvatrucha in Northern California, dated April 18, 2006;

96.     Curriculum Vitae of Harold Seymour, Ph.D.

97.     Reporter's transcript of criminal trial testimony of D. L. from People v. Navejar.

98.     Reporter's transcript of criminal trial testimony of Rebecca Smith from People v. Navejar.

99.     Postings, including words, photographs, images, and video from social media sites of D. L.

100.     Postings, including words, photographs, images, and video from social media sites of Samantha Vazquez.

101.     Postings, including words, photographs, images, and video from social media sites of Yolanda Barraza.

102.     Postings, including words, photographs, images, and video from social media sites of Sharolyn Takata.

103.     Postings, including words, photographs, images, and video from social media sites of Donna Baxter/Jones.

104.     Postings, including words, photographs, images, and video from social media sites of Rebecca Smith.

105.     Postings, including words, photographs, images, and video from social media sites of Matt Moss.

106.     Postings, including words, photographs, images, and video from social media sites of Duane Moss.

107.     Postings, including words, photographs, images, and video from social media sites of Nadine Escalante.

108.     Subpoenaed records regarding plaintiff from Bridges Academy

109. Subpoenaed records regarding plaintiff from Grizzly Youth Academy

110. Subpoenaed records regarding plaintiff from Conservation Corp

111. Postings, including words, photographs, images, and video from social media sites of Gerardo Saenz.

On or before **June 9, 2017**, counsel **SHALL** meet and confer to discuss any disputes related to the above listed exhibits and to pre-mark and examining each other's exhibits. Any exhibits not previously disclosed in discovery **SHALL** be provided via e-mail or overnight delivery so that it is received by **June 2, 2017**.

1. At the exhibit conference, counsel will determine whether there are objections to the admission of each of the exhibits and will prepare separate indexes; one listing joint exhibits, one listing Plaintiff's exhibits and one listing Defendant's exhibits. In advance of the conference, counsel must have a complete set of their proposed exhibits in order to be able to fully discuss whether evidentiary objections exist. <u>Thus, any exhibit not previously provided in discovery **SHALL** be provided at least five court days in advance of the exhibit conference</u>.

2. At the conference, counsel shall identify any duplicate exhibits, i.e., any document which both sides desire to introduce into evidence. These exhibits **SHALL** be marked as a joint exhibit and numbered as directed above. Joint exhibits **SHALL** be admitted into without further foundation.

All Joint exhibits will be pre-marked with numbers preceded by the designation "JT" (e.g. JT/1, JT/2, etc.). Plaintiff's exhibits will be pre-marked with numbers beginning with 1 by the designation PX (e.g. PX1, PX2, etc.). Defendant's exhibits will be pre-marked with numbers beginning with 501 preceded by the designation DX (e.g. DX501, DX502, etc.). The Parties **SHALL** number each page of any exhibit exceeding one page in length (e.g. PX1-1, PX1-2, PX1-3, etc.).

If originals of exhibits are unavailable, the parties may substitute legible copies. If any document is offered that is not fully legible, the Court may exclude it from evidence.

Each joint exhibit binder shall contain an index which is placed in the binder before the exhibits. The index shall consist of a column for the exhibit number, one for a description of the exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

**INDEX OF EXHIBITS**

|          |                            | **ADMITTED** |
| -------- | -------------------------- | ------------ |
| **EXHIBIT#** | **DESCRIPTION**        | **IN EVIDENCE** |

3.        As to any exhibit which is not a joint exhibit but to which there is no objection to its introduction, the exhibit will likewise be appropriately marked, i.e., as PX1, or as DX501 and will be indexed as such on the index of the offering party.   Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

4.        Each exhibit binder shall contain an index which is placed in the binder before the exhibits.   Each index shall consist of the exhibit number, the description of the exhibit and the three columns as shown in the example below.

**INDEX OF EXHIBITS**

| **EXHIBIT#** | **DESCRIPTION** | **ADMITTED IN EVIDENCE** | **OBJECTION FOUNDATION** | **OTHER OBJECTION** |
| ------------ | --------------- | ------------------------ | ------------------------ | ------------------- |

5.        On the index, as to exhibits to which the only objection is a lack of foundation, counsel will place a mark under the column heading entitled "Admissible but for Foundation."

6.        On the index, as to exhibits to which there are objections to admissibility that are not based solely on a lack of foundation, counsel will place a mark under the column heading entitled "Other Objections."

After the exhibit conference, Plaintiff and counsel for the defendants **SHALL** develop four complete, legible sets of exhibits.  The parties **SHALL** deliver three sets of their exhibit binders to the Courtroom Clerk and provide one set to their opponent, no later than 4:00 p.m., on **July 21, 2017**. Counsel **SHALL** determine which of them will also provide three sets of the joint exhibits to the Courtroom Clerk.

7.        The Parties **SHALL** number each page of any exhibit exceeding one page in length.

**K.**     **DISCOVERY DOCUMENTS**

The following is a list of discovery documents – portions of depositions, answers to interrogatories, and responses to requests for admissions – including rebuttal and impeachment discovery documents, that the parties expect to offer at trial.  NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE

PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED

TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).

In addition, if a party seeks to publish any of these documents , only documents redacted in

such a manner as to include *only* the relevant portions and with all objections omitted, will be

permitted to be published.

1.      Deposition transcript and videotaped deposition of Mesha Elliott taken September 23, 2016;

2.      Deposition transcript and videotaped deposition of Shay Molennor taken August 17, 2016;

3.      Deposition transcript and videotaped deposition of Shaun Romans taken August 15, 2015;

4.      Deposition transcript and videotaped deposition of Shaun Romans taken August 16, 2016;

5.      Deposition transcript and videotaped deposition of Jane Doe taken September 8, 2016;

6.      Deposition transcript and videotaped deposition of S.V. taken August 10, 2016;

7.      Deposition transcript and videotaped deposition of Sharolyn Takata taken September 6, 2016;

8.      Deposition transcript and videotaped deposition of Travis Bates taken August 18, 2016;

9.      Deposition transcript and videotaped deposition of Donna Jones taken September 6, 2016;

10.     Deposition transcript and videotaped deposition of Lance O'Nesky taken August 19, 2016;

11.     Deposition transcript and videotaped deposition of Gerardo Saenz taken August 18, 2016;

12.     Deposition transcript and videotaped deposition of Sabrina Dawn Heinze taken August 18, 2016;

13.     Deposition transcript and videotaped deposition of Breanna Bracamonte taken August 12, 2016;

14.     Deposition transcript and videotaped deposition of Harold Lee Seymour, Ph.D. taken October 28, 2016;

15.     Deposition transcript and videotaped deposition of Leesa Howard taken August 11, 2016;

16.     Deposition transcript and videotaped deposition of Daniel Marble taken November 1, 2016;

17.     Deposition transcript and videotaped deposition of Victoria Suender taken August 10, 2016;

18.     Deposition transcript and videotaped deposition of Alfred Cervantes, III taken August 15, 2016;

19.     Deposition transcript and videotaped deposition of Deborah Cresswell taken November 9,

2016;

20. Deposition transcript and videotaped deposition of Sarah Rodriguez taken August 11, 2016;

21. Deposition transcript and videotaped deposition of Ernie Geronimo taken August 11, 2016;

22. Deposition transcript and videotaped deposition of Heathe Appleton taken August 12, 2016;

23. Deposition transcript and videotaped deposition of Kathy Lemon taken September 6, 2016;

24. Deposition transcript and videotaped deposition of Catherine Julie Gonzalez taken September 29, 2016;

25. Deposition transcript and videotaped deposition of John Bacon taken November 1, 2016;

26. Deposition transcript and videotaped deposition of Janell Davidson taken August 11, 2016;

27. Deposition transcript and videotaped deposition of George Anderson taken July 22, 2016

28. Deposition transcript and videotaped deposition of Matthew Shaw Fontaine taken September 15, 2016;

29. Deposition transcript and videotaped deposition of John Zahry taken August 16, 2016;

30. Deposition transcript and videotaped deposition of John Zahry taken August 25, 2016;

31. Defendant County of Kern's Responses to Production of Documents and Production of Documents to Plaintiff's Request for Production of Documents, Set One;

32. Defendant County of Kern's Second Supplement Response to Plaintiff's Request for Production of Documents, Set Two;

33. Defendant County of Kern's Response to Plaintiff's Request for Production of Documents, Set Three;

34. Defendant County of Kern's Supplemental Response to Plaintiff's Request for Production of Documents, Set Three;

35. Defendant County of Kern's Response to Plaintiff's Notice of Deposition of Kern County Pursuant to F.R.C.P. 30(b)(6) and Request for Production of Documents, and Documents Procedure, dated August 15, 2016;

36. Defendant George Anderson's Response to Plaintiff's Request for Production of Documents, Set One;

37. Defendant County of Kern's Responses to Plaintiff's Request for Admissions, Set One;

38. Exhibits to all deposition transcripts.

Defendants:

1. Deposition transcript of Fabian Estrada, including exhibits

2. Deposition transcript of Cherise Jones, including exhibits

3. Exhibits to all deposition transcripts listed by plaintiff

4. Plaintiff's responses to all sets of County's Requests for Production, including supplemental responses.

5. Plaintiff's responses to County's Special Interrogatories, Set One, including supplemental responses.

6. Expert report of Dr. Harold Seymour

7. Expert report of Deborah Cresswell

8. Expert report of Daniel Marble

9. Expert report of John Bacon

10. Audio recording and transcript of IME of plaintiff

**L. FURTHER DISCOVERY OR MOTIONS**

No further discovery or motions are contemplated, except that the parties expect to file motions in limine.

**M. MOTIONS IN LIMINE**

Any party may file motions in limine. The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial. "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." <u>Luce v. United States</u>, 469 U.S. 38, 40 n. 2 (1984); <u>Jonasson v. Lutheran Child and Family Services</u>, 115 F. 3d 436, 440 (7th Cir. 1997). The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. <u>Id</u>.

**In advance of filing any motion in limine, counsel SHALL meet and confer to determine whether they can resolve any disputes and avoid filing motions in limine. Along with their motions in limine, the parties SHALL file a certification demonstrating counsel have in good**

**faith met and conferred and attempted to resolve the dispute. Failure to provide the certification may result in the Court refusing to entertain the motion.**

Any motions in limine must be filed with the Court by **June 16, 2017**. The motion must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to the motion must be served on the other party, and filed with the Court by **June 30, 2017**. The Court sets a hearing on the motions in limine on **July 10, 2017**, at 10:00 a.m. Appearances via teleconference are authorized.

Motions in limine may be filed on the public docket but this does not preclude the parties from seeking a sealing order as to specific motions or supporting documents. If this will occur, the Court expects a request to seal will be filed immediately upon completing the meet and confer efforts related to motions in limine so as to not delay the filing of the motions.

The parties are reminded they may still object to the introduction of evidence during trial.

**N.  STIPULATIONS**

The parties have conferred and agree that Plaintiff's civil rights claim arises under the Fourteenth Amendment. Accordingly, the Fourteenth Amendment standard should be used, not an Eighth or Fourth Amendment standard.

The parties have entered into Stipulated Protective Orders pertaining to certain documents produced by Defendants and the County of Kern that are deemed confidential.

**O.  AMENDMENTS/ DISMISSALS**

None.

**P.  SETTLEMENT NEGOTIATIONS**

Counsel will engage in informal discussions.

**Q.  AGREED STATEMENT**

None

**R.  SEPARATE TRIAL OF ISSUES**

The defense seeks bifurcation of the issue of punitive damages. The Court **GRANTS** this request and will try the amount of punitive damages in a second, though whether the plaintiff is entitled to these damages will be determined in the first phase.

The defense also seeks bifurcation of the <u>Monell</u> claims and the "supervisor liability" claim. The Court notes there is no separate supervisory claim against any individual and that the defendants seem to be referring to the Third and Fifth Causes of Action raised against the County which, of course, are brought within the authority of <u>Monell</u>.

Preliminarily, the Court finds that attempting to try the <u>Monell</u> claim at the same time as the individual claim poses the great potential of jury confusion. The jury may be tempted to impose liability on the individual for the wrongs of the entity, and vice versa. In addition, <u>Monell</u> liability may not be imposed if there is no liability on the individual. Thus, the Court's resources and those of the parties as well as the valuable time of the jury may be preserved if the Court proceeds with bifurcation. Consequently, the Court is inclined to bifurcate the <u>Monell</u> claim.

However, the plaintiff believes there will be significant overlap between the evidence of individual liability and that of the liability of the entity. Thus, the plaintiff may file a brief on the topic by **June 9, 2017**. Is she files such a brief, the defendants may file their response by **June 23, 2017** and the plaintiff may file an optional reply no later than **June 30, 2017.** **<u>If the plaintiff chooses not to file a brief on the topic, the Court will understand this to mean that the plaintiff withdraws her objection to bifurcation.</u>**

**S.     APPOINTMENT OF IMPARTIAL EXPERTS**

None requested.

**T.     ATTORNEYS' FEES**

The parties agree that the matter of the award of attorneys' fees to the prevailing party will be handled by motion in accordance with Local Rule 293.

**U.     TRIAL DATE/ ESTIMATED LENGTH OF TRIAL**

Jury trial is set for **July 24, 2017**, at 8:30 a.m. before the Honorable Jennifer L. Thurston at the United States Courthouse, 510 19th Street, Bakersfield, California. Trial is expected to last 7-10 days.

Counsel are reminded that issues that need to be raised outside of the presence of the jury should be planned so that these discussions occur at times, such as breaks or before or after the trial day, rather than when the jury is waiting. The Court will not allow the jury members to wait except in exceptional circumstances, which do not include that counsel failed to adequately prepare in advance.

46

## V.    TRIAL PROTECTIVE ORDER

The parties request, and the Court **ORDERS**, that any protective order or agreements entered into related to the handling of documents during discovery do not and will not apply to use of the evidence/information at trial.  The Court agrees that pretrial documents may be filed on the public docket without seeking a sealing order but this does not preclude the parties from seeking a sealing order as to specific documents.  If this will occur, the Court expects a request to seal will be filed immediately upon completing the meet and confer efforts related to motions in limine so as to not delay the filing of the motions.

## W.    TRIAL PREPARATION AND SUBMISSIONS

### 1.    Trial Briefs

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If any party wishes to file a trial brief, they must do so in accordance with Local Rule 285 and be filed on or before **July 14, 2017**.

Trial briefs may be filed on the public docket but this does not preclude the parties from seeking a sealing order, as to portions of the briefs as necessary.

### 2.    Jury Voir Dire

The parties are required to file their proposed voir dire questions, in accordance with Local Rule 162.1, on or before **July 14, 2017**.

### 3.    Jury Instructions & Verdict Form

The parties shall serve, via e-mail or fax, their proposed jury instructions in accordance with Local Rule 163 and their proposed verdict form on one another no later than **June 9, 2017.** The parties shall conduct a conference to address their proposed jury instructions and verdict form no later than **June 30, 2017**. At the conference, the parties **SHALL** attempt to reach agreement on jury instructions and verdict form for use at trial. The parties shall file all agreed-upon jury instructions and verdict form no later than **July 14, 2017**, and identify such as the agreed-upon jury instructions and verdict forms. At the same time, the parties **SHALL** lodge via e-mail a copy of the joint jury instructions and joint verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

**If and only if, the parties after genuine, reasonable and good faith effort** cannot agree upon

certain specific jury instructions and verdict form, the parties shall file their respective proposed (disputed) jury instructions and proposed (disputed) verdict form no later than **July 14, 2017,** and identify such as the disputed jury instructions and verdict forms.  At the same time, the parties **SHALL** lodge via e-mail, a copy of his/their own (disputed) jury instructions and proposed (disputed) verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions or California's CACI instructions to the extent possible.  All jury instructions and verdict forms shall indicate the party submitting the instruction or verdict form (i.e., joint, plaintiff's, defendant's, etc.), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the **complete** text of the instruction, and the legal authority supporting the instruction.  Each instruction SHALL be numbered.

### 4.      Statement of the Case

The parties propose statements of the case that are nearly identical.  The plaintiff proposes: "This case involves alleged sexual abuse of Plaintiff by Defendant George Anderson, a juvenile corrections officer, while Plaintiff was a ward at Kern County Juvenile Hall. Plaintiff also alleges that the County is responsible because it maintained allegedly deficient customs, practices, policies, and training at Juvenile Hall that were allegedly a factor in causing her sexual abuse."

The defendants propose that the plaintiff's name be used in the neutral statement and that the following sentence be added: "Defendant George Anderson and Defendant County of Kern deny the allegations." Though the plaintiff disagrees with this added statement[1], the Court will use the following neutral statement during jury voir dire:

"This case involves alleged sexual abuse of ~~Plaintiff~~ [D. L.[2]] by ~~Defendant~~ George

---

[1] Based upon the evidence submitted in support and opposition to the motion for summary judgment, the Court determined that the County of Kern has not conceded that Mr. Anderson committed the misconduct at issue.  The Court has no information to cause it to believe the County of Kern has now admitted this misconduct. Absent contrary evidence, the County of Kern is entitled to have the Court tell the jury that it denies the claims.
[2] At trial, the Court will include the plaintiff's full name.

48

Anderson, a juvenile corrections officer, while [D. L.] was a ward at Kern County Juvenile Hall. Ms. [L.] also alleges that the County is responsible because it maintained ~~allegedly~~ deficient customs, practices, policies, and training at Juvenile Hall that were ~~allegedly a~~ factor<u>s</u> in causing her sexual abuse.

~~Defendant~~ George Anderson and ~~Defendant~~ <u>the</u> County of Kern deny the allegations." The parties may file objections to this statement of the case according to Headnote "X."

## X. OBJECTIONS TO PRETRIAL ORDER

Any party may, within 10 days after the date of service of this order, file and serve written objections to any of the provisions set forth in this order. Such objections shall clearly specify the requested modifications, corrections, additions or deletions.

## Y. MISCELLANEOUS MATTERS

George Anderson will seek to submit interrogatories to the jury related to the issue of qualified immunity. The plaintiff objects to this effort.

Whether interrogatories will be permitted to be submitted to the jury will depend upon the evidence admitted at trial. The Court reserves judgment on this topic until the appropriate time.

## Z. COMPLIANCE

Strict compliance with this order and its requirements is mandatory. All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

Dated: __**May 19, 2017**__                    _____**/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE

49