# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF KERN, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 1:15-cv-01641 JLT<br><br>ORDER DENYING MOTION TO MODIFY PROTECTIVE ORDER<br>(Doc. 145) |

　　　　In this action and in the companion case, the Court granted a stipulated protective order which sought to preclude from public view sensitive information about wards and former wards of the court, personnel investigations and other confidential records. (Doc. 17) The Court maintained the confidentiality of these records over time by sealing records that otherwise would be available on the public docket. (Docs. 58, 59, 65-73, 74-76, 79, 94, 110, 112-117, 126, 131-134) Though the Court was prepared to dispense with the majority of the protections for the information for purposes of the trial only (Doc. 83 at 8, 47), settlement of the matter meant that this never occurred.

　　　　Now before the Court is the motion of Mr. Anderson to modify the protective order to allow him to use deposition testimony given in this action in a related administrative process. (Doc. 145) Though the County of Kern does not oppose this motion (Doc.149), the plaintiff does

1

(Doc. 150). She argues that the protective order was designed not only to protect information related to Mr. Anderson but also information related to her. Id. at 2. Likewise, she argues that Mr. Anderson has no entitlement to discovery in the administrative process and the deposition transcripts at issue have no bearing on the issues to be decided in the administrative arena. Id. For the reasons set forth below, the Court **DENIES** the motion to modify the protective order.

**I.    The Skelly process**

In support for his motion to modify the protective order, Mr. Anderson offers the declaration of his attorney for the administrative process, Mr. Collins. Mr. Collins argues that the Court has so chipped away at the protective order that it no longer serves the purpose for which it was entered in any event. (Doc. 145-2 at 3) As noted above, however, is argument is groundless because, though the Court was prepared to allow the use of sealed and confidential information at trial despite the protective order, settlement of the action prevented this from coming to pass. (Doc. 83 at 8, 47) To the contrary, despite the extraordinary burden that sealing documents places on the Court's time and the resources of its staff, is consistently sealed documents that would reveal confidential information about the parties and witnesses. (Docs. 58, 59, 65-73, 74-76, 79, 94, 110, 112-117, 126, 131-134)

On the other hand, Mr. Anderson asserts that if the motion to modify is not granted, he will be forced to undergo the expense of duplicating these discovery efforts in order to "defend" against the administrative charges. (Doc. 145-2 at 2, 3) However, as pointed out by Mr. Collins, a Skelly hearing is an informal process; it is not a full-blown evidentiary hearing and it is designed to test whether the employer's intended actions are adequately supported. Brewster v. Board of Education, 149 F.3d 971, 985 (9th Cir. 1998). It "serves only as an initial check against mistaken decisions—essentially a determination of whether there are reasonable grounds to believe that the charges are true and support the proposed action. To that end, a plaintiff need only be accorded 'oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Id., internal citations omitted. Indeed, due process does not entitle Mr. Anderson to discovery within the

administrative process.  See Holmes v. Hallinan, 68 Cal.App.4th 1523, 1534 (1998) [peace officer was not entitled to discovery before termination]; see also Mohilef v. Janovici, 51 Cal.App.4th 267, 303 (1996) [no basic constitutional right to pretrial discovery in administrative proceedings]. Though he may offer evidence at the Skelly hearing and certainly may obtain witness statements, he has no right to compel testimony to assist him at the hearing.  This is of key significance.

In this federal litigation, no witness had the right to refuse to give testimony.  Indeed, a failure to submit to a deposition after notice or a subpoena, ultimately, could have resulted in stiff contempt penalties.  Presumably, the witnesses who submitted to deposition, appreciated that had no choice than to give testimony.  Presumably also, they were aware that doing so was subject to the protective order in place.  Neither Mr. Anderson nor Mr. Collins makes any showing that the witnesses at issue would have freely submitted to deposition absent compulsion and absent the protective order.

On the other hand, the Court is well aware that with regularity, employees and employers *do* appeal to the Fifth District Court of Appeal when the administrative process does not turn out as they had hoped.  When this occurs, there is no assurance that the records in either the trial court or the court of appeal are protected from public view.  To the contrary, once there is a petition for writ of mandate or an appeal filed, the otherwise confidential records, including the briefs filed and the opinions issued, are typically open to public view.  See, e.g., Holmes, 68 Cal.App.4th 1523.

In addition, despite Mr. Collins' suggestion that allowing the use of these transcripts would preclude further emotional trauma for the witnesses by avoiding making them again recount their version of the events, the Skelly process does not authorize the employee to compel a witness to submit to interview; should the witnesses choose to do so, so be it.  However, as noted by the plaintiff, she has refused to do so.  Moreover, the Court is aware that the plaintiff was required—due in no small part to this Court's orders—to submit to questioning that could have no bearing on the issues to be decided at the Skelly hearing or in subsequent review.  Mr. Anderson offers no justification why this type of information should not be shielded via this

3

1 | Court's protective order. Though the Court appreciates the hardship on Mr. Anderson that this may create, he is placed in no different situation than most other employees facing a <u>Skelly</u> hearing—given that having federal litigation occurring concurrently occurs only rarely.  At most, the Court does not improve his position from that of every other employee facing such an administrative process.

Finally, Mr. Collins asserts that this Court has authorized the sharing of information by Mr. Weakley with Mr. Collins. (Doc. 145-2 at 3-4)  He cites to no docket entry permitting that. Indeed, though this Court has required Mr. Weakley to share information gained through the § 827 petition filed by Mr. Collins with other counsel in this case, it has not authorized anyone to share information gained in this litigation outside of this litigation.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. The motion to modify the protective order (Doc. 145) is **DENIED**.

IT IS SO ORDERED.

Dated: **August 25, 2017**                    **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE